## 29896. BATTLE v. THE STATE.

HILL, Justice.

Robert Lee Battle was found guilty of murder and sentenced to life in prison. The verdict is supported by the evidence.

During the course of deliberation by the jury, an incident occurred which resulted in a motion for mistrial by the defendant. That motion was made, was overruled, was renewed after the taking of testimony, was again overruled, and was made the basis of the motion for new trial which was overruled. The basis of these motions was that the bailiff had an unauthorized communication with the jury.

Shortly before the return of the verdict, the bailiff was seen at the jury room door conversing with a juror (subsequently identified as the foreman). Upon inquiry following the judge's return to the courtroom, the bailiff testified as follows concerning this conversation: "He [the foreman] said was there something about a mercy — if they found him guilty of murder, or something, could they recommend mercy. I told him I didn't hear nothing about no mercy, and then he wanted to know did they have to set a sentence and I told him I don't know, and he went on back in there and I shut the door and directly he knocked again after I sent for the Judge." Repeating his testimony, the bailiff said: "That's as much as I can remember; it was mentioned something about a mercy, like you recommend mercy, — if you find him guilty you can recommend mercy, and I told him I didn't hear nothing in the charge about no mercy, and then he asked me would they have to set a sentence and I told him no, I didn't think so. He said that's what we wanted to settle with him, whether they'd

have to go back in there or not, — that's what I judged he meant, cause all this, you see, — used to they'd have to go back but now they don't."

After this improper conversation the bailiff reported to the judge that the jury had an inquiry. However, within two or three minutes of the conversation the jury informed the bailiff that they had reached a verdict.

After publication of the guilty verdict, the foreman of the jury was called by defense counsel and testified that his inquiry and his conversation with the bailiff related to who set the sentence, and that it did not involve anything about mercy.

Defendant's timely motions for mistrial on the ground that there had been communication with the jury were overruled by the trial court on the ground that no right of the defendant had been violated or prejudiced.

A bailiff is to make no communication to a jury and is to permit no one to communicate with them, except by leave of court. Code §§ 24-3201, 59-717. "The law contemplates that when a jury are selected and sworn to try a citizen for felony, they shall be entirely separated from the world, and that no communication whatever shall be had with them, from the beginning of the trial until the verdict is rendered, unless by leave of the court. It contemplates that no outside influence shall be brought to bear on the minds of the jury, and that nothing shall occur outside of the trial which shall disturb their minds in any way; that the minds of the jury shall be entirely occupied with the consideration of the case which they are sworn to try." *Shaw v. State,* 83 Ga. 92, 100 (9 SE 768).

The defendant argues that where a communication with the jury is shown, the burden is on the state to rebut the presumption of harm by proof, citing *Shaw v. State,* supra. The defendant cites *King v. State,* 92 Ga. App. 616 (89 SE2d 585), for the proposition that the only means of proof the state can use to rebut the presumption of harm is by the affidavit of each and every juror.[1]

---

[1]Defendant emphasizes the statement in *King v. State,* supra, 92 Ga. App. p. 620, "That burden could only be carried by affidavits of 12 jurors." In *King,* the state

We agree that where a communication from the bailiff to the jury is shown, the burden is on the state to rebut by proof the presumption of harm. We disagree, however, with defendant's contention that the only means of proof the state can use is by the affidavit of each juror. Testimonial evidence, subject to cross examination, as in this case, is a means of proof which can be utilized.

In *Shaw v. State,* supra, the bailiff escorted the jury to a prayer meeting conducted by the chief prosecutor in the case, a pastor who had assisted in selecting the jury and who had testified as a witness for the state. At that meeting, he had offered prayer that God would bless the officers of the court then in session and that they would be guided aright in the discharge of their duties. The defendant was found guilty by the jury, without a recommendation of mercy (as shown by the record in that case). In *Shaw* this court held that the misconduct of the bailiff and jury was so gross that a new trial was required notwithstanding uncontroverted proof that the jurors did not feel they had been influenced by attending the prayer meeting. The facts in this case and those in *Shaw* are materially different.

In the case at hand, the improper communication involved the matter of mercy and the setting of the sentence. The defendant was charged with and found guilty of murder and was given a life sentence. The sentence itself is proof that the defendant was not affected by the communication.

The trial court did not err in overruling the motion for mistrial or the motion for new trial based thereon.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 5, 1975 — DECIDED JUNE 24, 1975.

---

sought to rebut the presumption of harm by affidavits of 11 jurors, the affidavits of the 12th juror being in violation of Code § 110-109. We read the quoted statement as saying that where the state undertakes to discharge its burden by the affidavits of the jurors, 11 out of 12 is not sufficient to rebut the presumption of harm.

*Michael A. Fennessy,* for appellant.

*Claude N. Morris, District Attorney, Arthur K. Bolton, Attorney General, Lois F. Oakley, Deputy Assistant Attorney General,* for appellee.