## S89A0386. HILL v. THE STATE.
(386 SE2d 133)

SMITH, Justice.

Appellant Michael Lee Hill was indicted for the murder of Johnny Gilbert. A jury found him guilty, and he was sentenced to life imprisonment. We affirm.[1]

Prior to the murder, the appellant agreed to sell some drugs for the victim. The appellant sold some of the drugs and traded the remainder for a handgun. The appellant owed the victim money for the drugs he did not sell. Witnesses testified that on the night of the murder, the appellant and the victim began arguing about the money the appellant owed to the victim for the drugs he did not sell. The appellant stated that he was going to "put his foot down." The victim hit

---

* Argyle concedes the defendants cannot be required to maintain a school on the property.

[1] The crime was committed on September 15, 1987. The Fulton County jury returned its verdict of guilty on April 13, 1988. A motion for new trial was filed on May 9, 1988, and an additional motion for new trial was filed on February 2, 1989. The motion for new trial was denied on May 30, 1989. The notice of appeal was filed on June 29, 1989. The transcript of evidence was filed on July 31, 1989. The record was docketed in this Court on August 8, 1989, and the supplemental record was docketed in this Court on September 11, 1989. The case was submitted by brief on October 4, 1989.

the appellant on the head, and the appellant and the victim began to fight.

While out of view of any witness, the appellant shot the victim twice in the chest. One witness observed the appellant shoot the victim in the back as he tried to run.

The appellant testified that the victim pulled a gun on him and was beating him on the head when he shot the victim in self-defense. No weapon was found at the scene of the crime. Several witnesses testified that they saw the appellant running from the scene with a gun, making comments to the effect that the victim would not bother the appellant anymore and that the appellant hoped that the victim would die.

1. The evidence put forth at trial was sufficient for a rational trier of fact to have found proof of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends that the trial court erred in denying his oral request for a charge on aggravated assault. The record reveals that the court charged the jury on justification and self-defense, including the phrase:

A person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself or *to prevent the commission of a forcible felony.* [Emphasis supplied.]

The appellant argues that since the forcible felony he was seeking to prevent was an aggravated assault by the victim, then a charge on the elements of aggravated assault was necessary to explain the meaning of justification.

The charge given by the court was comprehensive and fairly apprised the jury of when a homicide is justifiable. The failure to charge the jury on the elements of aggravated assault, especially in the absence of a written request[2] for such a charge, cannot be held to be prejudicial or harmful error. See *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354) (1976).

3. The appellant contends the trial court's charges on murder and voluntary manslaughter were coercive and unduly restricted the options which the jury could consider. In charging the jury that it could

---

[2] Uniform Superior Court Rule 10.3 provides that:
All requests to charge shall be numbered consecutively on separate sheets of paper and submitted to the court in duplicate by counsel for all parties at the commencement of trial, unless otherwise provided by pretrial order; provided, however, that additional requests may be submitted to cover unanticipated points which arise thereafter.

not consider the question of voluntary manslaughter unless it first found that appellant was not guilty of murder, the court followed the practice approved by this Court in *Alexander v. State*, 247 Ga. 780 (279 SE2d 691) (1981). See also *Harrell v. State*, 249 Ga. 48 (288 SE2d 192) (1982). Therefore the charge was without error.

4. Finally, the appellant alleges that the trial court erred in refusing to allow him to testify about the victim's specific acts of violence toward third persons in order to justify his reasonable apprehension of danger at the time of the murder. Evidence of a victim's violent character and general reputation for violence may be admitted upon "a prima facie showing that the victim was the aggressor; that the victim assaulted defendant; and that defendant was honestly seeking to defend himself." *Cooper v. State*, 249 Ga. 58, 61 (287 SE2d 212) (1982). However, the victim's violent character may not be established by proof of specific acts of violence, although a defendant may offer evidence that the victim had a reputation for a particular type of violence. *Williams v. State*, 249 Ga. 6 (287 SE2d 31) (1982). Since the appellant testified that the victim was the aggressor, the trial court properly allowed evidence of the victim's violent character and general reputation for violence. The court's refusal to allow the appellant to continue by offering proof of specific acts of violence by the victim was also proper and in accordance with Georgia law.

*Judgment affirmed. All the Justices concur.*

WELTNER, Justice, concurring.

I agree that the conviction and sentence in this case should be affirmed. I write, however, to call attention to the holding of Division 4, and to invite attention to our recent case of *Lolley v. State*, 259 Ga. 605 (385 SE2d 285) (1989). There the same issue arose. Two Justices dissented to the continued application of the rule that the violent character of a deceased may not be shown by evidence of specific acts of violence against third persons. Three Justices were of the opinion that the rule should be changed, but were unwilling to reverse the case, as the trial court had applied the rule then in existence. Thus, five Justices believe that the rule should be changed.

At such time as *Lolley*, supra, appears in the advance sheets of the Supreme Court Reports, I will give serious consideration to applying the alternative rule suggested in the dissenting and concurring opinions of *Lolley*.

I am authorized to state that Justice Bell joins in this concurrence.

DECIDED DECEMBER 5, 1989.

*Thomas L. Burton, Rochelle L. Cross, John Thomas Chason,* for

appellant.

*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Assistant District Attorney, Michael J. Bowers, Attorney General, Richard C. Litwin,* for appellee.