## S90A1115. STOUDEMIRE v. THE STATE.
### (401 SE2d 482)

BENHAM, Justice.

Annie Lee Stoudemire files her appeal from a conviction of felony murder (OCGA § 16-5-1 (c)), and possession of a knife during the commission of a felony. OCGA § 16-11-106 (b) (1).[1]

1. We first address the issue of the sufficiency of the evidence. The jury was authorized to find that during the early morning hours of June 4, 1989, Annie Lee Stoudemire was engaged in an altercation with her husband, Randy Lamar Stoudemire,[2] and that she obtained a butcher knife from the kitchen and stabbed her husband five times causing his death. Therefore, we find that the evidence was sufficient beyond a reasonable doubt to convict the defendant of felony murder and possession of a knife during the commission of a felony, aggravated assault. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred in granting the State's motion in limine and precluding the admission of evidence of a prior altercation between the victim and a third person. Specifically, appellant contends the trial court erred in refusing to allow evidence that the deceased previously was stabbed in the abdomen by his second wife while he was intoxicated and physically abusing her. Appellant contends that the rejection of this evidence deprived her of the opportunity to show she acted reasonably in obtaining a knife from the kitchen when her intoxicated husband began physically abusing her.

In *Hill v. State,* 259 Ga. 655 (4) (386 SE2d 133) (1989), this court reaffirmed the general rule that a victim's acts of violence to persons other than the defendant are inadmissible to prove the victim's character for violence. In the case at bar, appellant wished to use evidence of the decedent's altercation with his second wife, not to prove the

---

[1] The incident occurred on the morning of June 4, 1989. Trial took place over a four-day period in February-March 1990, and appellant was sentenced on March 5, 1990, by the Superior Court of Muscogee County to life imprisonment for felony murder and a consecutive sentence of five years for possession of a knife in the commission of a felony. The notice of appeal was filed on March 21, 1990. The case was docketed in this court on May 18, 1990, and argued on September 6, 1990.

[2] The victim's blood-alcohol content was .18 grams percent.

victim's violent character, but for the limited purpose of proving a similar transaction between the victim and a third party. See Justice Gregory's dissent in *Lolley v. State*, 259 Ga. 605 (385 SE2d 285) (1989). While several members of this court have expressed interest in giving consideration to the admission of evidence of specific acts of violence perpetrated by the victim against third parties (see *Lolley v. State*, supra (Weltner, J., concurring and Gregory, J., dissenting), and *Hill v. State*, supra (Weltner, J., concurring)), that interest has been limited to situations in which the defense of justification was raised. The case in chief is quite different since appellant's defense was accident and not justification. In light of that distinction, the trial court did not err in granting the State's motion in limine.

3. Appellant contends the trial court erred in denying her motion in limine which sought to prevent the State from introducing into evidence insurance policies on the life of the deceased in which appellant was the named beneficiary. When the motion was denied, the parties entered into a stipulation as to the existence of the following life insurance policies which named appellant as the beneficiary: Serviceman's Group Life Ins. ($50,000); National Guard Association of Alabama ($19,500); and Federal Home Life Insurance ($10,000). After the stipulation was announced to the jury, the defense made passing reference to the insurance policies and discounted their relevance, but the State neither made reference to the insurance policies nor made any attempt to connect the commission of the crime to the existence of the insurance policies.

The State's reliance on *Jowers v. State*, 259 Ga. 401 (382 SE2d 595) (1989), in support of admission of the insurance policies is misplaced because the allowance of evidence of the existence of an insurance policy in *Jowers* was based in part on independent evidence of a nexus between the insurance policy and the homicide. However, here there was simply the introduction of the insurance policy with absolutely no showing whatsoever of a nexus between the existence of the policy and the commission of the crime. Thus, the jury was left to impermissibly speculate and conject. Therefore, the rule of reason we clarify here is that in order to admit evidence of an insurance policy there must be some independent evidence of a nexus between the crime charged and the existence of the insurance policy. Since there was no evidence of the requisite nexus we find the trial court erred in admitting such evidence.

We realize that appellant was convicted of felony murder and not malice murder and that the introduction of improper evidence that goes to motive is harmless error where there is a conviction for an offense requiring no motive. See *Eller v. State*, 183 Ga. App. 724 (4) (360 SE2d 53) (1987). However, the introduction in a homicide case of evidence of the existence of insurance wherein the defendant is the

beneficiary where that evidence has no relevance to the charge has the enormous potential for so infecting and inflaming the trial process that fundamental fairness can be easily compromised. Here, the jury was informed that appellant stood to be enriched to the tune of $79,500 as a result of the homicide. Query whether the jury could ignore such evidence even though it was irrelevant. Therefore, we must reverse this conviction and order a new trial to avoid the erosion of the trial process by the admission of such evidence.

*Judgment reversed. Clarke, C. J., Smith, P. J., Bell, Fletcher, JJ., and Judge Hugh P. Thompson concur; Hunt, J., concurs in the judgment, but dissents as to Division 2; Weltner, J., not participating.*

HUNT, Justice, concurring in part and dissenting in part.

I agree with the majority that the felony murder conviction must be reversed because of the erroneous admission into evidence of the existence of life insurance policies on the life of the deceased, naming the defendant as beneficiary. I disagree, however, with the majority's holding in Division 2, because, in my view, it was also error to preclude the defendant from presenting evidence that the victim had been stabbed by his second wife while he was intoxicated and physically abusing her. This evidence was admissible, not to prove the victim's violent character, but to show the defendant acted reasonably in obtaining a knife from the kitchen while her intoxicated husband began physically abusing her. See *Lolley v. State*, 259 Ga. 605, 607, 610 (385 SE2d 285) (1989) (Weltner, J., concurring; Gregory, J., dissenting); *Hill v. State*, 259 Ga. 655, 657 (386 SE2d 133) (1989) (Weltner, J., concurring). Notwithstanding that the defendant here claimed accident, rather than justification, I see no distinction between her attempt to use evidence of the victim's prior act in support of her claim of reasonableness in obtaining the knife, and the attempts by the defendants in *Lolley* and *Hill* to use evidence of specific acts by the victims in support of their claims of justification.

Accordingly, I dissent to Division 2, but concur in the judgment.

DECIDED FEBRUARY 7, 1991 —
RECONSIDERATIONS DENIED MARCH 27, 1991.

*Frank K. Martin,* for appellant.
*Douglas C. Pullen, District Attorney, J. Mark Shelnutt, Assistant District Attorney, Michael J. Bowers, Attorney General, Robert D. McCullers,* for appellee.