S91A0881. CARTER v. THE STATE.
(410 SE2d 102)

BENHAM, Justice.

Appellant was convicted of felony murder in the stabbing death of Charlie Swinney and sentenced to life imprisonment after a jury found him guilty of felony murder and voluntary manslaughter.[1] The evidence presented at trial established that the victim died from stab wounds appellant inflicted upon him ten minutes after learning that the 33-year-old victim had beaten appellant's mother, who had been taken by ambulance to a hospital. The evidence was sufficient to authorize a jury to find appellant guilty beyond a reasonable doubt of felony murder, with the underlying felony being the aggravated assault of the victim. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Stoudemire v. State*, 261 Ga. 49 (401 SE2d 482) (1991).

---

[2] As appellant was indicted prior to the 1990 amendment to OCGA § 16-13-30 (j) (1), the subsection at issue provided:
 It is unlawful for any person to possess, have under his control, manufacture, deliver, distribute, dispense, administer, sell, or possess with intent to distribute marijuana.
[1] The crime was committed on March 10, 1990. Appellant turned himself in to authorities on that day and was indicted on August 10, 1990. He was convicted on September 10, and sentenced to life imprisonment on October 11. After his motion for new trial was denied February 26, 1991, appellant filed a notice of appeal on March 26. The appeal was docketed in this court on April 1, 1991, and oral arguments were heard on June 3, 1991.

1. The trial court did not err in admitting 32 photographs depicting the location and nature of the 23 stab wounds received by the victim since such photos are relevant and material (*Goss v. State*, 255 Ga. 678 (1) (341 SE2d 448) (1986)), and therefore are admissible though they may be duplicative and inflame the jury. *Burgan v. State*, 258 Ga. 512 (3) (371 SE2d 854) (1988).

2. Instructing the jury on the issue of felony murder was not error since the indictment charged appellant with causing the death of the victim by stabbing him while in the commission of a felony, aggravated assault, and the evidence established the victim died from the stab wounds appellant admittedly inflicted. *Catchings v. State*, 256 Ga. 241 (6) (347 SE2d 572) (1986).

3. When the jury returned verdicts of guilty for both felony murder and voluntary manslaughter, the trial court accepted the jury's verdict of guilty of felony murder after instructing the foreman to strike through the voluntary manslaughter guilty verdict. There having been no objection to the trial court's action, we will not consider appellant's assertion that the trial court should have vacated the felony murder conviction and sentenced him for voluntary manslaughter.

4. Appellant contends that his felony murder conviction, predicated upon an aggravated assault which is an integral component of the homicide, violates due process of law. Because this constitutional challenge is raised for the first time on appeal, it cannot be considered by this court. *Brock v. State*, 239 Ga. 326 (236 SE2d 835) (1977).

5. The bailiff improperly communicated with a juror by responding to her inquiry concerning the difference between malice murder and felony murder. OCGA § 15-12-140. The State successfully carried its burden of rebutting the presumption of harm that arose from the improper communication (*Battle v. State*, 234 Ga. 637 (217 SE2d 255) (1975)) when it presented the juror's testimony that she had not been influenced by the information and had not passed it on to her colleagues, and the negative response of the remaining jurors as to whether they had been influenced by anything the bailiff told the juror that she might have related to them.

6. Appellant contends the trial court erred when it imposed reimbursement of attorney fees as a condition of appellant's sentence. Neither the transcript of appellant's October 11 sentencing nor the final disposition form, dated October 11, reflects that such a condition was imposed upon appellant. While the Indigent Defense Coordinator submitted a post-sentencing recommendation that appellant be required to reimburse the county $1,272.98 for "the total claim of his attorney," the recommendation does not constitute appellant's sentence, and the record contains no order from the trial court incorporating that recommendation. Therefore, we conclude that reimburse-

ment of attorney fees to the county is not a part of appellant's sentence, and decline to review the issue further.

*Judgment affirmed. All the Justices concur.*

SMITH, Presiding Justice, concurring.

I concur in the judgment but have a comment as to Division 3 of the opinion.

I would have dissented to Division 3 and to the opinion but for the appellant's failure to object to the striking of the voluntary manslaughter finding of guilty and allowing the felony murder verdict to stand.

When a defendant, as in this case, has been found guilty of two crimes, one lesser than the other, and the convictions are based upon the same evidence, the greater crime should be struck. In *Parks v. State*, 254 Ga. 403, 414 (330 SE2d 686) (1985), this Court held:

> Intent to kill is an essential element of both murder and voluntary manslaughter. OCGA §§ 16-5-1 and 16-5-2. Provocation, or the lack thereof is what distinguishes the two offenses.

Our voluntary manslaughter statute, OCGA § 16-5-2, provides in relevant part:

> (a) A person commits the offense of voluntary manslaughter when he causes the death of another human being under circumstances which would *otherwise be murder* and if he acts *solely* as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. . . . (Emphases supplied.)

By virtue of being found guilty of both murder and voluntary manslaughter, the defendant was necessarily found to have committed an act which would *otherwise* be murder and to have acted *solely* as the result of a sudden, violent, and irresistible passion resulting from a provocation serious enough to elicit such passion from a reasonable person. By the language of our own statutes, the acts of murder and voluntary manslaughter contain elements which make them mutually exclusive and not susceptible to proof by the same evidence. To read these laws otherwise, is to make the existence of the lesser offense of voluntary manslaughter a nullity.

Decided November 15, 1991 —
Reconsideration denied December 5, 1991.

*Beauchamp & Associates, Kermit S. Dorough, Jr., Richard L. Hodge,* for appellant.

*Britt R. Priddy, District Attorney, Johnnie M. Graham, Assistant District Attorney, Michael J. Bowers, Attorney General, Peggy R. Katz, Staff Attorney,* for appellee.