S93A1401. WOODHAM v. THE STATE.
(439 SE2d 471)

Fletcher, Justice.

Dwight Woodham shot and killed Grady Goodwin, Jr. He was convicted of malice murder and sentenced to life in prison. Woodham appeals and we affirm.[1]

1. In his first enumeration of error, Woodham contends the court erred in failing to give curative instructions and refusing to grant his motions for mistrial after his character was improperly placed in issue. Woodham claims his character was first placed in issue when he was asked during cross-examination whether his ex-wife was "ex-wife number five or six?" Defense counsel objected to the question on relevance grounds. The court sustained the objection and Woodham requested no further action. Later, after moving for a mistrial on a separate issue, Woodham argued for the first time that the question about the number of his marriages impermissibly placed his character in issue and he requested a mistrial.

(a) A trial court is vested with broad discretion in passing upon objections to alleged improper argument or questioning, *Spence v. Dasher*, 63 Ga. 431 (1879), and we find no such abuse of discretion in the record. Under OCGA § 17-8-75, when counsel makes a statement of a prejudicial matter which is not in evidence, the court must interpose and prevent such statement, and, on objection, shall rebuke counsel and provide curative instructions to the jury. Where the objection to the prejudicial matter is sustained, however, the court has no duty to rebuke counsel or give curative instructions unless specifically requested by the defendant. *Phillips v. State*, 230 Ga. 444, 445 (197 SE2d 720) (1973); see *Brooks v. State*, 183 Ga. 466, 469 (188 SE 711) (1936) (in no case where improper argument is alleged will the court's ruling be reversed for not going further than requested). Woodham's objection to the alleged improper question was sustained and he made no further motion. Absent any such motion or request by Woodham, the court did not err in failing to give curative instructions to the jury.

(b) Nor can we say that the court abused its discretion in failing

---

[1] Woodham was indicted in August 1992. On January 8, 1993, a jury found him guilty of malice murder. The same day, he was sentenced to life imprisonment. On January 27, 1993, he filed a notice of appeal. The case was docketed in this court on June 22, 1993 and orally argued on September 21, 1993.

to grant Woodham's motion for mistrial on this asserted ground. See *Stanley v. State*, 250 Ga. 3 (295 SE2d 315) (1982) (a court's decision to deny a motion for mistrial will not be overturned absent a manifest abuse of discretion). Although in certain circumstances evidence pertaining to the number of a defendant's marriages may constitute evidence of bad character, we cannot reach such a conclusion under these facts. Additionally, such evidence did not so prejudice the trial that the court was constrained to declare a mistrial. See *Brooks*, supra (grant of a motion for mistrial may be required where the injury is so grave that no act of the court could remove the damaging effect).

2. Woodham further alleges that his character was improperly placed in issue when the state introduced evidence concerning his job title and an investigation into his work by the Criminal Investigation Division (CID) of the United States Army. On direct examination, Woodham testified that he was employed as a civil engineer and that although his work had been investigated by the CID, he had been completely exonerated. During the state's rebuttal, the court allowed the testimony of the special prosecutor overseeing the ongoing CID investigation, who testified that Woodham was an "engineering technician," not a civil engineer, and that he had not been exonerated.

We again find no abuse of the court's discretion. There are numerous instances where the state may offer evidence that reflects adversely on a defendant for a purpose other than to show the defendant is a person of bad character, including instances where evidence is relevant to impeach the specific testimony of a defendant. *Jones v. State*, 257 Ga. 753 (363 SE2d 529) (1988); *Williams v. State*, 257 Ga. 761, 763 (363 SE2d 535) (1988). The court allowed the state to introduce the special prosecutor's testimony for impeachment purposes only and strictly limited her testimony to the issues of Woodham's job title and the outcome of the CID investigation. Although the special prosecutor's testimony may have reflected adversely on Woodham's character, it was admissible to impeach Woodham's direct testimony in which he attempted to portray himself in a positive light by claiming he had been cleared of all wrongdoing and, in fact, was found to have given the government "more than they paid for." *Jones*, supra; see *Earnest v. State*, 262 Ga. 494 (422 SE2d 188) (1992); *Daniels v. State*, 252 Ga. 30, 32 (310 SE2d 904) (1984) (evidence that is otherwise admissible does not become inadmissible because it incidentally puts a defendant's character into evidence).

3. A much closer issue is raised in Woodham's second enumeration of error: whether the court should have granted his motion for mistrial after he was asked whether he knew that his girl friend, the victim's ex-wife, was the beneficiary of an insurance policy on the victim's life. In *Stoudemire v. State*, 261 Ga. 49 (401 SE2d 482) (1991), we held that in order to admit evidence of an insurance policy, there

must be some independent evidence of a nexus between the crime charged and the existence of the insurance policy. Because there was no such evidence in *Stoudemire*, we reversed the defendant's felony murder conviction.

Stoudemire's conviction was reversed, despite the fact that the introduction of motive evidence was harmless error, because of the potential for so infecting and inflaming the trial process that fundamental fairness is compromised. Id. at 50-51. We reaffirm here our holding in *Stoudemire* and caution prosecutors that they undertake severe risk of reversal when attempting to inject evidence of an insurance policy without first establishing the required nexus.

Nonetheless, the state's question to Woodham about the insurance policy was never answered and, after Woodham's motion for mistrial, the court instructed the jury to disregard and completely put out of their minds the question regarding the insurance policy. Woodham did not object to these curative instructions, nor did he at any time thereafter renew his motion for mistrial. Under the long standing rule of this court that in order to preserve an issue for appellate review after curative instructions are given the motion for mistrial must be renewed, review of this issue is barred.[2] *Pless v. State*, 260 Ga. 96, 98 (390 SE2d 40) (1990); *Lingerfelt v. State*, 255 Ga. 180, 182 (336 SE2d 250) (1985); *Jackson v. State*, 248 Ga. 480, 483 (284 SE2d 267) (1981).

4. Having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Woodham guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur, except Hunt, P. J., and Carley, J., who concur as to Divisions 1, 2, 4 and the judgment.*

DECIDED NOVEMBER 24, 1993.

*Garland, Samuel & Loeb, Edward T. M. Garland, Patrick J. Geheren,* for appellant.

*Douglas C. Pullen, District Attorney, J. Gray Conger, Bradford R. Pierce, Assistant District Attorneys, Michael J. Bowers, Attorney General,* for appellee.

---

[2] Because Woodham failed to preserve this issue for appeal, we do not consider whether under these facts there was sufficient independent evidence of a nexus between the crime charged and the existence of the insurance policy to authorize the admission of evidence of the insurance policy.