## S94A1719. LATTIMORE v. THE STATE.
(454 SE2d 496)

BENHAM, Presiding Justice.

This appeal is from appellant's conviction of felony murder.[1] Appellant and the victim were both involved with a woman named Kimber. On the evening of his death, the victim came to the home where Kimber rented a room from her aunt, sat in on a bible study class being conducted there, then took Kimber and her children to a restaurant. Upon their return, the victim remained outside for a short time, then came into Kimber's room, where she and her children were eating, and lay on the bed. When appellant arrived, Kimber went outside and sat on the porch with him. Kimber testified at trial that when she went back to her room to get a tape player, she and the victim began arguing, whereupon he struck her. Kimber also swore that her children, who were in the room with her and the victim, were screaming and that she was attempting to defend herself with a gin bottle. Kimber testified that appellant witnessed this struggle through a window, came into the house to defend her, and shot the victim when he moved threateningly toward appellant. In contrast to Kimber's testimony, a minister who was conducting the bible study class testified that there were no loud voices or arguments, but that she saw appellant walk through the house with a gun and then heard two shots. Kimber's aunt testified that when she asked appellant what he was doing as he entered the house with the gun, he motioned her back to her seat and told her she did not "need to see that." She stated that by the time she returned to her seat, she heard a shot, after which she saw the victim leave the house bleeding. Other witnesses established that the victim was found in a nearby wooded area and that he died from loss of blood. In support of the underlying felony of possession of a firearm by a convicted felon, the State produced evidence that appellant had prior felony drug convictions.

1. Appellant contends in support of his first enumeration of error that the trial court erred in admitting evidence of an insurance policy covering the victim's life. Without deciding whether the facts of this case bring it within the rule stated in *Stoudemire v. State*, 261 Ga. 49 (3) (401 SE2d 482) (1991), we hold that appellant's lack of objection, coupled with defense counsel's subsequent examination of the same

---

[1] The homicide occurred on July 8, 1992, and appellant was arrested on July 29, 1992. He was indicted on November 21, 1992, for murder and felony murder, with aggravated assault and possession of a firearm by a convicted felon as underlying felonies. A jury trial beginning August 24, 1993, resulted in a verdict of guilty of felony murder, for which appellant was sentenced to life imprisonment on August 27, 1993. Appellant's motion for new trial was filed on September 24, 1993, and denied on July 19, 1994. A notice of appeal was filed on July 22, 1994; the appeal was docketed in this court on August 5, 1994; and was submitted for decision on September 26, 1994.

witness on the same subject constituted a waiver of any objection to the testimony. *DeBerry v. State*, 241 Ga. 204 (1) (243 SE2d 864) (1978).

2. In his second enumeration of error, appellant contends that the trial court's charge to the jury contained an inappropriate sequential charge such as was disapproved by this court in *Edge v. State*, 261 Ga. 865 (2) (414 SE2d 463) (1992). However, the record shows that the trial court in the present case charged the jury to consider first the first count of the indictment, malice murder, and instructed the jury on voluntary manslaughter as an included offense of malice murder. The trial court then instructed the jury that if it did not find appellant guilty of either voluntary manslaughter or malice murder, it would acquit him as to the first count and begin consideration of the second count, felony murder. That charge meets the objective of *Edge*, "to ensure adequate consideration of charges for both forms of homicide." Id. at 867.

3. Citing *Head v. State*, 253 Ga. 429 (3) (322 SE2d 228) (1984), appellant complains that the trial court should have bifurcated the trial because one of the underlying felonies of the felony murder charge was possession of a firearm by a convicted felon. *Head*, which dealt with the potential for prejudice when a defendant indicted for murder is also indicted for possession of a firearm by a convicted felon, has no application to this case: appellant was not indicted for possession of a firearm by a convicted felon, so there was nothing to sever from the murder charge.

4. Finally, appellant contends that the evidence at trial was insufficient to support his conviction. Although the testimony regarding the circumstances under which appellant shot the victim was in conflict, the evidence summarized at the beginning of this opinion was sufficient to authorize a rational trier of fact to find that appellant was guilty beyond a reasonable doubt of felony murder. *Joachim v. State*, 263 Ga. 816 (1) (440 SE2d 15) (1994); *Heard v. State*, 261 Ga. 262 (1) (403 SE2d 438) (1991); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 13, 1995.

*Jerry G. Croley, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Kurt A. Kegel, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellee.