## S98A0042. FORD v. THE STATE.
### (498 SE2d 58)

THOMPSON, Justice.

Defendant Wayne Lee Ford was convicted of malice murder and possession of a firearm by a convicted felon.[1] He appeals, asserting

---

[1] The crimes occurred on January 10, 1996. Defendant was indicted for malice murder, two counts of felony murder (one count based on the underlying felony of aggravated

the trial court erred in excluding evidence which would have suggested that someone else committed the crime, and in refusing to grant a mistrial when a detective commented on his right to remain silent. Finding no error, we affirm.

Viewing the evidence in a light to uphold the verdict, we find the following: Defendant stopped at a fast food store in DeKalb County with his common-law wife, Lisa Buice. Defendant stayed in the car while Buice went into the store. Quanderrios Slaton and his friend, DeAngelo Hood, were in the store, too. Lisa lost her food stamps in the store and Hood took them. Slaton and Hood left the store, got into their truck, and drove off. Buice told defendant that Slaton probably had her food stamps. Defendant drove off, following the truck. He flashed his lights, honked his horn, and fired a gun at Slaton. The bullet pierced the back window of the truck and entered Slaton's brain, causing his death. When defendant returned to the store he told a friend, "I caught them. I made them wreck."

1. The evidence was sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of malice murder and possession of a firearm by a convicted felon. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 16-5-1 (a). See also *Hamilton v. State*, 129 Ga. 747, 748 (3) (59 SE 803) (1907).

2. At trial, defendant offered to introduce evidence showing that (1) at the time of his death the victim was in possession of four rocks of crack cocaine and a stolen truck; and (2) an autopsy of the victim revealed the presence of cocaine metabolites. Defendant asserts the trial court erred in excluding this evidence because it rendered more probable the inference that someone else killed the victim because of his criminal activities. We disagree.

> Defendant failed to show any nexus whatsoever between the victim's alleged criminal activities and his murder. He merely speculates that some unknown person may have killed the victim because he was involved with drugs [and automobile theft]. It cannot be said, therefore, that the trial court erred in prohibiting defendant from introducing the evidence in question. Compare *Henderson v. State*, 255 Ga. 687, 689 (1) (341 SE2d 439) (1986) with *Neal v. State*, 210 Ga. App. 522, 523 (2) (436 SE2d 574) (1993).

---

assault, and one count based on possession of a firearm by a convicted felon) and possession of a firearm by a convicted felon. Trial commenced on February 18, 1997. The jury found defendant guilty on all counts and he was sentenced to life for malice murder and five years consecutive for the firearm charge. Defendant's timely filed motion for new trial was denied on August 4, 1997, and his notice of appeal was filed on August 29, 1997. The case was docketed in this Court on September 23, 1997, and submitted for decision on briefs on November 17, 1997.

*Wayne v. State,* 269 Ga. 36, 39-40 (495 SE2d 35) (1998).

3. Detective Philip Ellington testified that, at the outset of his investigation, he went to defendant's last known address and spoke with defendant's mother; that he gave defendant's mother a business card and asked her to tell defendant to contact him; and that he added that defendant might want to give his side of the story, if in fact he had nothing to worry about. Defendant objected on the ground that the detective commented on his right to remain silent, and he moved for a mistrial. When the trial court denied the motion, defendant asked for a curative instruction and the court instructed the jury to disregard the detective's testimony regarding his discussion with defendant's mother.

Defendant contends the curative instruction was inadequate and the trial court should have granted a mistrial because the inference remained that, since defendant never contacted Detective Ellington, he must have been guilty. Defendant waived this issue because he did not renew his motion for mistrial after the court gave its curative instruction. *Woodham v. State,* 263 Ga. 580 (1) (439 SE2d 471) (1993). In any event, the detective did not comment on defendant's right to remain silent; he merely related the substance of a conversation he had with defendant's mother. See *Wilson v. State,* 259 Ga. 55, 57 (4) (376 SE2d 676) (1989); *Thomas v. State,* 257 Ga. 24, 25 (3) (354 SE2d 148) (1987).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 23, 1998.

*James D. Michael, Gayle D. Brown,* for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth Jaeger, Assistant Attorney General,* for appellee.