A98A2434. HEARD v. THE STATE.
(510 SE2d 900)

McMURRAY, Presiding Judge.

After being indicted for rape, Marquez Heard was convicted of the lesser included offense of sexual battery following a jury trial. Heard appeals, contending in his sole enumeration of error that the trial court erred when it denied his motion for a mistrial based upon the use of the word "rape" during the testimony of the State's medical expert.

At trial, Dr. Darlena Monet testified that she performed a physical exam of the victim at DeKalb Medical Center. When the State asked Dr. Monet to tell the jury what she recalled about the victim, Dr. Monet testified "it was very difficult to do the pelvic exam. And, she told us before the exam that she had been a virgin, until the time of the rape." After defense counsel objected to the use of the term "rape," the trial court instructed Dr. Monet to refer to it as "the incident." Dr. Monet complied with this request when she resumed testifying. Later in Dr. Monet's testimony, the State asked her whether she had completed a "rape kit" and to explain what a "rape kit" includes with no objection from defense counsel.

At the conclusion of the State's direct examination of Dr. Monet, the defense moved for a mistrial on the grounds that Dr. Monet characterized the incident as a rape. The trial court denied this motion. It did, however, give the following instruction to the jury at the conclusion of Dr. Monet's testimony: "Ladies and gentleman, the witness has used the word rape, rape exam, rape kit. The word has been used several times and what I am going to suggest to you is that the evaluation that she did in the exam she did was in that context of a charge of rape. That the victim claimed there was rape. Obviously the question of whether it was or was not a rape is something that you are

going to have to decide, after hearing all of the evidence. I don't want you to think that this witness has concluded one way or the other, because all she did was respond to what the victim was telling her, and she did the exam. That was her purpose. That's her function in this proceeding. Okay? The ultimate decision is something that you'll have to make after I charge you on what the law is and you have had a chance to consider all the evidence. Do you understand? Okay, thanks. You may cross-examine." Appellant Heard did not renew his motion for a mistrial. *Held*:

Appellant waived his right for this Court to review the denial of his motion for a mistrial by failing to renew it after the curative instruction was given by the trial court. *Woodham v. State*, 263 Ga. 580, 582 (3) (439 SE2d 471); *Sing v. State*, 217 Ga. App. 591, 592 (2), 593 (458 SE2d 493).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED JANUARY 15, 1999.

*Gayle D. Bacon*, for appellant.

*J. Tom Morgan, District Attorney, Jeanne M. Canavan, Barbara B. Conroy, Assistant District Attorneys*, for appellee.

A98A2077, A98A2078, A98A2079, A98A2080, A98A2081, A98A2082, A98A2083, A98A2084. INSTITUTE OF NUCLEAR POWER OPERATIONS v. COBB COUNTY BOARD OF TAX ASSESSORS et al. (eight cases).
(510 SE2d 844)