S99A0649. BRYAN v. THE STATE.
(518 SE2d 672)

FLETCHER, Presiding Justice.

Sheila Bryan was convicted of malice murder and arson in connection with the death of her mother, Freda Weeks, in a burning car.[1]

---

[1] The fire and death occurred on August 18, 1996, and Bryan was indicted on December 18, 1997. A jury found her guilty on September 4, 1998, and the trial court sentenced her to life imprisonment on the murder count and 20 years imprisonment on the arson count. Bryan filed a motion for a new trial on October 2, 1998, which was denied on November 20,

Prior to trial, Bryan filed a motion in limine to exclude any evidence that her husband increased his automobile liability insurance three months before the fire. The trial court denied the motion and admitted the evidence. Because our cases require the state to present independent evidence of a nexus between the crime charged and the existence of the insurance policy and the state presented no evidence of a connection, we reverse.

1. The evidence presented at trial shows that Bryan and her mother were taking a Sunday afternoon drive when Bryan's car ran off the road and down an 18-foot embankment. Bryan got out of the car and flagged down a motorist. She said she had had a car wreck, her mother was in the car, and the car was on fire. When she and the motorist reached the car, the fire was too strong for them to get Ms. Weeks out. The state medical examiner testified that the 82-year-old victim died of heart disease and thermal injuries from the fire.

Concerning the accident, the state's evidence showed that Bryan's car traveled approximately 60 feet parallel to the road before sharply turning into the ditch, there was no indication that Bryan attempted to steer back onto the pavement, there was sufficient room on the shoulder for the car to travel without running off the embankment, and the vehicle was not damaged in the low speed crash. State arson investigators testified that the fire began on the floorboard in front of the driver's seat and spread to the passenger's side; the fire was intentionally set by someone using ignitable liquids; and they had eliminated all other possible causes of the fire. In contrast, the defendant's expert testified that he found no burn patterns of ignitable liquids and that electrical failure caused the fire.

After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Bryan guilty of the crimes charged.[2]

2. In *Stoudemire v. State*,[3] we held that "in order to admit evidence of an insurance policy there must be some independent evidence of a nexus between the crime charged and the existence of the insurance policy." We subsequently reaffirmed that holding and cautioned prosecutors that they undertake the risk of reversal if they attempt to introduce evidence of an insurance policy without first establishing the required nexus.[4]

In this case, the connection between the insurance policy and crimes is tenuous at best. Unlike our previous cases, which involved

---

1998. Bryan filed a notice of appeal on December 18, 1998; the case was docketed on February 2, 1999; and oral arguments were held on April 12, 1999.

[2] *Jackson v. Virginia*, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] 261 Ga. 49 (401 SE2d 482) (1991).

[4] *Woodham v. State*, 263 Ga. 580 (439 SE2d 471) (1993).

life insurance, this case involves automobile liability insurance.[5] The only way that the policy could have benefitted the defendant would be through a claim made by her mother's estate against her for negligence in the automobile accident. Even if the estate prevailed, its debts would have to be paid prior to any distribution to beneficiaries under a will or to heirs at law if there was no will. Although the state is generally entitled to present evidence of motive, it cannot introduce evidence of an automobile liability policy that has only an indirect, contingent relationship to the crime.

Moreover, the state failed to present any independent evidence that Bryan knew about the increased insurance coverage.[6] Her husband was the policyholder and the only family member who dealt with the insurance agent. His agent had twice suggested that he increase his liability insurance, and he increased his coverage on his automobile at the same general time he increased the coverage on his home and lake property. The fact that Bryan knew the car was insured is not relevant. Without independent evidence of a connection between the insurance and the crime, the trial court erred in admitting the evidence of the policy increase.

3. Because the issue of prosecutorial misconduct arising from questions relating to Bryan's alleged misappropriation of church funds and failure to comply with discovery requirements should not recur at retrial, we do not address whether the prosecutor acted in bad faith.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 14, 1999.

*William E. Moore, Jr., George M. Saliba,* for appellant.
*J. David Miller, District Attorney, Charles M. Stines, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Frank A. Ilardi, Assistant Attorney General,* for appellee.

---

[5] See *Woodham*, 263 Ga. at 581-582 (defendant's girlfriend was named beneficiary of victim's life insurance policy); *Stoudemire*, 261 Ga. at 50 (defendant was named beneficiary of victim's life insurance policy); *Jowers v. State*, 259 Ga. 401 (382 SE2d 595) (1989) (defendant was named beneficiary of victim's life insurance policy).

[6] Cf. *Bagwell v. State*, 270 Ga. 175, 177 (508 SE2d 385) (1998) (defendant was beneficiary of husband's life insurance policies, stated that she knew about the insurance, filed a claim a month after his death, stated she was arrested because of her claims, and showed a complete lack of emotion about her husband's death).