NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: March 3, 2026

S26A0282.  ROBINSON v. THE STATE.

PINSON, Justice.

David Robinson was convicted of malice murder and other crimes in connection with the shooting death of Jalal Ross-Beyah one night at a strip club in Atlanta.[1] On appeal, he contends that the trial court erred by denying his motion for mistrial. Because this claim was not preserved for appellate review, we affirm.

---

[1] The crimes occurred in the early morning hours of October 14, 2017. Less than a year later, a Fulton County grand jury indicted Robinson on nine counts: malice murder (Count 1), felony murder (Counts 2–4), aggravated assault with a deadly weapon (Counts 5–6), possession of a firearm during the commission of a felony (Count 7), and possession of a firearm by a convicted felon (Counts 8–9). In September 2019, a jury returned a guilty verdict on all counts. The trial court sentenced Robinson to life without parole for murder plus 15 years to be served consecutively for possession of a firearm by a convicted felon. The remaining counts merged or were vacated by operation of law for sentencing purposes.

Robinson timely filed a motion for new trial in September 2019, which he subsequently amended in May 2025. The court denied Robinson's motion for new trial in August 2025, and he timely appealed to this Court, where his case was docketed to the term beginning in December 2025 and submitted for a decision on the briefs.

Before his trial, Robinson moved to exclude testimony of Al-Kareem Smith, who was at the club that night and knew the victim. The court ruled that Smith could testify in a "limited fashion" that on the night of the shooting he was at the club, heard gunshots, and then ran inside. At trial, Smith testified along those lines, but then said that while he was standing outside the lot, a friend of Ross-Beyah's saw him and ran up to him, and said "Kareem, that was Lal. … [T]hey killed Jalal, he shot Jalal." Robinson objected on hearsay grounds, and after additional testimony, he objected again.[2]

After a discussion at the bench, the court asked the jury to leave the courtroom, and the court and the parties discussed at length whether Smith's testimony was within the limited scope of the court's ruling on the pretrial motion in limine. Robinson then moved for a mistrial. The court denied the motion and said that it would give the jury a curative instruction. Robinson argued that the court could not "unring the bell," to which the court replied, "you've

[2] The nature of Robinson's second objection is not apparent from the record.

made the motion. I've denied it…. and we'll see." The jury came back, and the court instructed the jury that it had been "misled" by the State about the nature of Smith's testimony, and that the jury should disregard his testimony about "any conversation [Smith] had with anybody or any statement that was made that evening." The jurors were then polled and none indicated that they would not be able to disregard the testimony.

Robinson now claims on appeal that the trial court should have granted a mistrial, but he failed to preserve this claim for appellate review. To do that, a defendant must first move for a mistrial at the earliest opportunity to do so. *Bates v. State*, 317 Ga. 809, 818 (2023). If the trial court denies that motion and does not give any curative instruction to the jury, the claim is preserved for appellate review. Id. On the other hand, if the trial court denies the motion but then gives a curative instruction, the defendant must do more to preserve any error for review: after the instruction is given, he must renew his motion for mistrial, and get a definitive ruling on the motion. Id. Even assuming Robinson moved for a mistrial at the earliest

opportunity,[3] he failed to follow up on his motion after the court gave its curative instruction. Although Robinson argued that the court could not "unring the bell," Robinson did not renew his motion for mistrial at any point after the instruction was given. So this claim is not preserved for our review. See *Hartsfield v. State*, 294 Ga. 883, 886 (2014) (holding that defendant's mistrial claim was waived on appeal because he failed to renew his motion after the court's admonishment and curative instruction); *McCoy v. State*, 273 Ga.

---

[3] Instead of moving for a mistrial when Smith first broached the subject of Brown's statements, Robinson only lodged a hearsay objection. It was not until after the State continued its direct examination of Smith to lay the foundation for the hearsay statements that Robinson objected and eventually moved for a mistrial. By failing to "promptly" move for a mistrial once Smith testified about what Ross-Beyah's friend said — that is, about something outside the scope of the pretrial ruling — Robinson arguably waived this issue on appeal. *Thomas v. State*, 310 Ga. 579, 581 (2020) (quotation marks omitted). Compare *Bates*, 317 Ga. at 819 (stating that appellant made a "contemporaneous motion" when he objected "as soon as" the witness testified about the prohibited topic and then asked for the jury to be excused and moved for a mistrial) with *Pittman v. State*, 318 Ga. 819, 829 (2024) (holding that the issue of the trial court denying a mistrial was not preserved for appeal when defendant "did not object to the State's question, which clearly was intended to elicit the testimony discussed at the pretrial hearings, and did not move to strike [the witness's] answer, and then waited until after the prosecutor completed the direct examination to make a motion for mistrial") and *Kilpatrick v. State*, 308 Ga. 194, 199–200 (2020) (concluding that the mistrial issue was waived on appeal when the motion was made after the witness testified and the pertinent evidence had been admitted).

568, 572 (2001) (concluding that defendant failed to preserve his mistrial claim when he failed to renew his motion for mistrial); *Ford v. State*, 269 Ga. 139, 141 (1998) (same); *Woodham v. State*, 263 Ga. 580, 580 (1993) (citing decisions reaching the same conclusion).

*Judgment affirmed. All the Justices concur.*