## HUNTER *v.* THE STATE.

No. 12805. June 14, 1939.

*Joseph C. Hester* and *Charles D. Russell,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, Samuel A. Cann, solicitor-general, E. J. Clower* and *C. E. Gregory Jr., assistant attorneys-general,* contra.

JENKINS, Justice. ■ While the general grounds are neither argued nor insisted upon, since the judgment imposed the death penalty the evidence has been examined and found to fully authorize the verdict.

■ Although it is the general rule that the character or conduct of a party in other transactions is irrelevant matter, unless the nature of the action involves such character or conduct and renders such an investigation necessary or proper (Code, § 38-202), and therefore that evidence as to the commission of a crime independent of that for which the defendant is on trial is generally irrelevant (*Cawthon* v. *State,* 119 *Ga.* 395 (4), 409, 46 S. E. 897, and cit.; *Nesbit* v. *State,* 125 *Ga.* 51, 54 S. E. 195; *Frank* v. *State,* 141 *Ga.* 243 (2, *b*), 257, 80 S. E. 1016; *Booth* v. *State,* 160 *Ga.* 271, 274, 127 S. E. 733; *Cox* v. *State,* 165 *Ga.* 145, 139 S. E. 861; *Lanier* v. *State,* 187 *Ga.* 534, 1 S. E. 2d, 405, 409), one of the long-established exceptions, recognized in most of those cases and many others in this State, is that evidence of another offense may be admitted for the purpose of showing motive or a common plan or scheme. *Merritt* v. *State,* 168 *Ga.* 753 (149 S. E. 46); *Sisk* v. *State,* 182 *Ga.* 448, 450 (185 S. E. 777); *Cooper* v. *State,* 182

*Ga.* 42 (3), 51 (184 S. E. 716, 104 A. L. R. 1309) ; *Honea* v. *State,* 181 *Ga.* 40, 42 (181 S. E. 416) ; *Loughridge* v. *State,* 181 *Ga.* 261, 264 (182 S. E. 12) ; *Tucker* v. *State,* 180 *Ga.* 87 (178 S. E. 152) ; *Wilson* v. *State,* 173 *Ga.* 275 (160 S. E. 319) ; *Williams* v. *State,* 152 *Ga.* 498, 521 (110 S. E. 286). Proof of a confession by the defendant, and other evidence for the State, showed that after he killed with an iron bar the father of a family, the mother, and two daughters, he took a shotgun from their cabin, and almost immediately went to a filling-station only eighty feet distant, forced the door open, shot the occupant, broke into slot-machines, and took the money therefrom; and that previously he broke into other cabins, stole articles therefrom, and when interrupted in the cabin of the man he afterwards shot at the filling-station, cut this man and attacked a woman companion. These previous burglaries and attacks, some very recent, and all occurring in the same neighborhood, within a range of two or three months before the homicide for which he was tried, and under similar circumstances, were relevant to show a common motive and plan of the defendant to commit such depredations, one of which was committed at the time of the homicide by the taking of the shotgun. While proof of a particular motive is not essential to establish the crime of murder (*Davis* v. *State,* 74 *Ga.* 869 (4)), it is always relevant and admissible. *Boone* v. *State,* 145 *Ga.* 37 (88 S. E. 558) ; *Wall* v. *State,* 153 *Ga.* 309, 316 (112 S. E. 142) ; *Hoxie* v. *State,* 114 *Ga.* 19 (39 S. E. 944) ; *Marable* v. *State,* 89 *Ga.* 425 (15 S. E. 453). Such testimony being admissible, the only remaining exceptions, relating to the solicitor's reference to this evidence in his opening statement to the jury as to what he expected to prove, afford no ground for a new trial.

*Judgment affirmed. All the Justices concur.*