## 44143. TEEMS v. THE STATE.
(352 SE2d 779)

MARSHALL, Chief Justice.

Roy Morris Teems appeals from his convictions of one count of malice murder, three counts of aggravated assault, and one count of aggravated battery, for which he was sentenced to consecutive terms of life imprisonment for murder, and 20 years' imprisonment for each

of the other counts.[1] We affirm.

1. Teems contends that the evidence at trial was insufficient to support the jury's verdicts. There was eyewitness testimony that Teems drove to the scene of the crimes and engaged in an altercation with Henry Lane Ware, whom he shot and killed with a .12-gauge shotgun; that Teems then shot Mildred Moore, and Rhonda Roberson, who was in close proximity to Moore, was sprayed by the shotgun blast; and that Teems thereafter shot at Gwyn Roberson. Additionally, Teems admitted all the shootings.

We have reviewed the evidence in the light most favorable to the jury's determination, and we conclude that a rational trier of fact could have found the defendant guilty of murder, aggravated assault, and aggravated battery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Teems contends that his motion for mistrial should have been granted based on the prosecuting attorney's remark in his opening statement that the evidence would show that the Teems brothers arrived with Hugh Teems driving and the appellant "riding shotgun. Riding on the passenger side. Shotgun would be particularly apropos in this circumstance because that is the type of weapon that we expect to show he had."

The trial court did not abuse its discretion in denying the motion. The court directed the prosecuting attorney to state what he expected to prove without "categorizing," and later cautioned the jury that opening statements are not evidence. The remark was a colloquial and colorful way of stating what the evidence was expected to prove, but was not inappropriate or harmful error.

3. It was not error, as contended in enumerated error 3, for the prosecution, during the opening statement to the jury, to write on a chalkboard the names of the crimes which the state expected to prove Teems committed, and the victims of such crimes. Use of a visual aid was appropriate due to the number of charges and persons involved; the written material on the chalkboard was not introduced in evidence, and the jury was cautioned that it was not evidence. See *Highfield v. State*, 246 Ga. 478, 482 (3) (272 SE2d 62) (1980).

4. Teems contends that the court's charge on revenge ("the law will not justify a killing for deliberate revenge however grievous the past wrong may have been") wrongfully placed his character in evi-

---

[1]The crimes were committed on August 30, 1985. The jury returned its verdicts on May 5, 1986, and Teems was sentenced on May 8, 1986. A motion for new trial was filed on May 29, 1986. The transcript was certified by the court reporter on June 23, 1986. The motion for new trial was heard and overruled on August 28, 1986. A notice of appeal was filed on September 15, 1986, and the appeal was docketed in this court on December 4, 1986. The appeal was submitted for decision based on briefs without oral argument on January 16, 1987.

dence and deprived him of the presumption of innocence. However, the instruction was a correct statement of law and was tailored and adjusted to the evidence that the murder victim had beaten and pistol-whipped Teems on a previous occasion. *Ross v. State*, 255 Ga. 1 (334 SE2d 300) (1985).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 17, 1987.

*Walter Hardin, Jr.,* for appellant.

*Dennis C. Sanders, District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.