## 44949. BELL v. THE STATE.
(361 SE2d 488)

CLARKE, Presiding Justice.

Bell was charged with the murder of his wife.[1] He was found guilty but mentally ill and sentenced to life imprisonment. On appeal, he raises three issues. First, he complains of the admission of evidence of earlier incidents between appellant and his wife. Second, he questions the admissibility of photos of his deceased wife; and third, he contends the court erred in failing to charge on voluntary manslaughter. We find no error.

As the victim was preparing to leave for a church service on Christmas morning 1986, she encountered the defendant who hit her on the side of the head with a shotgun and then shot her, causing her death. As a defense, Bell asserted among other things insanity and accident.

1. Construing the evidence most favorably to the state, we find it was sufficient for a finding of guilt beyond a reasonable doubt by a rational trier of fact. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Testimony was admitted concerning confrontations between the defendant and the victim on previous occasions. A witness testified that some seven or eight months before the homicide, she heard the defendant threaten the victim by saying that if she went back to church that night he would "blow her brains out." The witness further said that defendant pointed a firearm at the victim on that occasion and that on the following day she observed two bruises on the victim's neck and thigh. The same witness also testified of having observed arguments between the Bells on several occasions and said that the defendant would lay a gun across his lap as he sat in the den saying "Just say one more word, I'll blow your brains out. You think you're so smart."

Bell argues that the incidents testified to do not bear sufficient similarity to the crime for which he is being tried so as to render the testimony admissible. We cannot agree. The earlier incidents involve

---

[1] The crime occurred December 25, 1986. Appellant was indicted in the January term 1987. He was tried May 18, 19, 20 and 21, 1987, and convicted by a jury verdict on May 21, 1987. He was sentenced May 21, 1987, to life imprisonment. A motion for new trial was filed June 22, 1987, and denied July 2, 1987. The transcript was certified August 12, 1987. The case was docketed in this court on August 14, 1987, and submitted for decision September 25, 1987.

disagreements concerning the victim's church attendance. She was about to leave for church when she was shot. The earlier incidents involve threats of serious bodily harm, including the possible use of a firearm. This also is compatible with the act for which defendant was tried. The fact that the defendant was a perpetrator of the prior acts is not contested and the similarity between the prior acts and the offense charged is such that the proof of the former tends to prove the latter. *Lobdell v. State*, 256 Ga. 769 (353 SE2d 799) (1987). We have also held that a prior threat toward the victim was properly admissible to show the defendant's intent and state of mind. *Beal v. State*, 255 Ga. 446 (339 SE2d 581) (1986).

3. The state offered in evidence and the court admitted a photograph showing the victim's head where it was allegedly struck by the defendant with the barrel of a shotgun. The defendant complains that the photograph should not have been admitted because a portion of the victim's hair had been shaved off. He says this is a violation of the standards announced in *Brown v. State*, 250 Ga. 862 (302 SE2d 347) (1983), concerning the admissibility of photographs of victims. We find this not to be the case for at least two reasons. First, this is not a post-autopsy or post-treatment photograph which shows the mutilation of the victim's body by authorities. Shaving of hair cannot be equated with post-mortem surgical procedures. Second, the holding in *Brown v. State*, supra, permits the admission of photographs even after an autopsy if it is necessary to show some material fact which becomes apparent only because of the autopsy.

4. The defendant argues that the trial judge erred in failing to charge voluntary manslaughter after a written request was made. This argument is not persuasive to us because we find no evidence to indicate that the shooting of the victim resulted from a sudden irresistible passion.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 4, 1987.

*William T. Hankins III*, for appellant.

*Robert E. Wilson*, District Attorney, *J. Michael McDaniel*, *Barbara B. Conroy*, Assistant District Attorneys, *Michael J. Bowers*, Attorney General, *Dennis R. Dunn*, Assistant Attorney General, for appellee.