## 47028. WILLIAMS v. THE STATE.
### (384 SE2d 654)

SMITH, Justice.

Appellant Stanley Williams was sentenced to two consecutive life sentences for the murders of Clatie Banks, his former wife, and Jawaski Banks, her five-year-old son.[1] We affirm.

The appellant and the victim were married in May 1986. During June, the appellant was arrested at their home for assaulting the victim. Her injuries, which were consistent with being beaten with a belt, fists, and a telephone, required medical attention. The hospital's examining physician testified that the victim had numerous bruises on her face and body.

On June 16, 1986, the victim swore out a warrant charging the appellant with financial transaction card theft. She alleged that the appellant made unauthorized withdrawals of $1,600 from her checking account. The next day, she filed a petition for divorce.

On the night of the murders, which was two days before the appellant's scheduled trial for the unauthorized withdrawals from Ms. Banks' checking account, the appellant and the victims went out to dinner together. The appellant dropped the victims at the baby sitter's sometime after 7:30 p.m. The evidence conflicts as to the appellant's whereabouts after that time. The appellant and several other witnesses testified that he was with others within approximately an hour after he left the victims. However, other witnesses place the appellant with the victims as late as 9:00 p.m. on the night of the murders.

The badly beaten bodies of Clatie Banks and her five-year-old son were found at approximately 4:00 a.m. in southeast Atlanta. There was no evidence that either victim had been sexually assaulted. Ms. Banks was wearing earrings, three rings, a necklace and other

---

[1] The crimes were committed on February 13, 1987. The Fulton County jury returned its verdict of guilty on March 14, 1988. A motion for new trial was filed on March 29, 1988 and another was filed on April 25, 1988. An amended motion for new trial was filed on March 6, 1988. The motions were denied on March 30, 1988. Notice of Appeal was filed on April 10, 1988. The transcript of evidence was filed on January 20, 1989. The record was docketed in this Court on May 9, 1989. The case was argued on September 13, 1989.

jewelry when her body was found. Her watch, apparently broken during the assault, stopped at approximately 9:10 p.m.

The appellant voluntarily went to the police station to give a statement, and he was subsequently arrested.

The only physical evidence linking the appellant with the crimes was a tire print. The print, found in some blood at the crime scene, was consistent with the tire prints made by the front tires on the appellant's automobile.

1. The appellant asserts that the circumstantial evidence was not sufficient to uphold his convictions. Although the evidence of guilt in this case was not overwhelming, it was sufficient to authorize a rational trier of fact to have found the essential elements of the crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant complains that the court erroneously admitted evidence of his character on five different occasions.

a. The trial court sustained the appellant's objections regarding the testimony of Officer Pagone and Ms. Robinson and gave curative instructions to the jury. The curative instructions served to prevent the testimony from having a prejudicial impact. *Crawford v. State,* 256 Ga. 585, 587 (351 SE2d 199) (1987). There was no objection to the curative instructions nor was there a motion for a mistrial. We find no error.

b. The trial court did not err in admitting the record of the divorce proceeding between the appellant and the victim. *Gunter v. State*, 243 Ga. 651, 656 (256 SE2d 341) (1979).

c. The appellant complains that the testimony of certain state's witnesses and the introduction of two prior indictments did not meet the criteria of admissibility of independent crimes.

The evidence relating to the assault of the victim and the financial transaction fraud involving the victim's checking account were only introduced to illustrate the prior difficulties between the parties, and the jury was so instructed. *Williams v. State*, 250 Ga. 553, 561 (300 SE2d 301) (1983). If they had been introduced as independent crimes two conditions would have to be satisfied:

"First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be *sufficient similarity* or *connection* between the independent crime and the offense charged, that proof of the former tends to prove the latter." [Cit.] [Emphasis in original.]

*Walraven v. State*, 250 Ga. 401, 408 (297 SE2d 278) (1982). Since the evidence was introduced only for the purpose of showing the prior difficulties between the defendant and the victim, the *Walraven* con-

ditions were inapplicable. With regard to prior difficulties:

> We have often held that evidence of prior difficulties between an accused and the victim is admissible to illustrate the accused's motive, intent, or bent of mind toward the victim. [Cits.] [We have also] stated: "On a trial for murder, evidence of recent prior difficulties between the defendant and the deceased is admissible as shedding light on the state of feelings between the accused and the deceased and showing motive . . . Evidence which is otherwise admissible is not rendered inadmissible because it incidentally places the defendant's character in issue." [Cit.]

*Hales v. State*, 250 Ga. 112, 113 (296 SE2d 577) (1982). See also *Rainwater v. State*, 256 Ga. 271, 272 (347 SE2d 586) (1986).

If there was any hearsay error in admitting the indictments, it was harmless error.

3. The appellant argues that the trial court erred in allowing into evidence four color photographs which depicted the victims at the crime scene and nine color slides which were taken prior to and after the autopsy.

a. The photographs depicted the location of the bodies, the nature of the wounds, and the crime scene as it was found. The photographs were relevant and material to the cause of death. *Burgan v. State*, 258 Ga. 512, 514 (371 SE2d 854) (1988) and cases cited therein. We find no error.

b. Nine color slides were admitted over the objection that they were particularly gruesome and had no probative value.

Eight of the nine slides were taken of the victims at the morgue prior to any autopsy incisions. Those slides demonstrated the location and nature of the wounds to the victims and it was not error to admit them.

The only post-incision slide showed the skull of the adult victim after the scalp had been pulled back. The cause of death was a result of a combination of multiple blows to the head. The trial court specifically found that the post-incision slide had probative value and that it was needed to aid the doctor in describing the wounds. The slide was necessary to show a material fact that became apparent only because of the autopsy. *Bell v. State*, 257 Ga. 560, 561 (361 SE2d 488) (1987). Assuming *arguendo* that it was error to allow the post-incision slide, it was harmless error in this case. The post-incision slide was far less gruesome than the photographs of the badly beaten bodies of the victims taken at the crime scene.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 19, 1989.

*Tony L. Axam,* for appellant.
*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Michael J. Bowers, Attorney General, Andrew S. Ree,* for appellee.