S92A1238. HARVEY v. THE STATE.
(424 SE2d 619)

CLARKE, Chief Justice.

Essie Harvey and her two children lived with Jimmie Lee Jackson off and on for three years. Evidence submitted at trial indicated that Jackson became abusive when intoxicated. Harvey left Jackson several times after his drunken beatings. The last time he abused her was on May 10, 1991; after this row, Harvey stabbed Jackson in the heart, resulting in his death. Harvey was arrested and convicted of murder.[1] She appeals and we affirm.

1. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found appellant guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The evidence adduced at trial showed that appellant sent her son out of the house, stabbed Jackson over twenty times, one of which was fatal, hid the knife after the killing, and then lied to the police and others about what happened. A rational jury could have concluded that the victim did not provoke appellant and thus could have refused to return a verdict of guilty on voluntary manslaughter.

2. "A requested charge should be delivered if it is a correct statement of law that is pertinent and material to an issue in the case and not substantially covered by the charge actually given." *Pruitt v. State,* 258 Ga. 583, 588 (373 SE2d 192) (1988). Appellant contends that the trial court erroneously rejected several of her requested jury charges. The jury charge is to be taken as a whole. *Hambrick v. State,*

[1] The homicide was committed on May 10, 1991, and appellant was indicted for felony murder on December 19, 1991. After a jury trial, she was convicted of felony murder on March 11, 1992. Appellant was sentenced to life imprisonment on April 16, 1992. Appellant's motion for new trial, filed on April 22, 1992, was denied by an order dated April 28, 1992. A notice of appeal to this court was filed on May 20, 1992; the case was argued on September 14, 1992.

256 Ga. 688, 690 (353 SE2d 177) (1987). The trial judge instructed the jury about the appellant's custodial statements. The charge informed the jury of the relevant findings it must make in order to consider the appellant's statement. There was no evidence of any threats or promises made to appellant to coerce her statement requiring any further instructions. We find no error in refusing to charge the jury as requested by appellant.

3. Appellant contends that the trial court erred in denying appellant access to exculpatory documents in the State's files. The trial court conducted an in camera inspection and found no exculpatory evidence. If evidence omitted from a response to a general *Brady* motion creates a reasonable doubt of guilt that did not otherwise exist constitutional error has been committed. *United States v. Agurs*, 427 U. S. 97, 112 (96 SC 2392, 49 LE2d 342) (1976); *Radford v. State*, 251 Ga. 50, 52 (302 SE2d 555) (1983). We must evaluate the omission in the context of the entire record. *Agurs*, supra at 112. Appellant produced uncontradicted witnesses to testify to the violent nature of the relationship. We find that the additional evidence of appellant's relationship with the victim would not have created any reasonable doubt of appellant's guilt.

4. The trial court did not err in allowing into evidence the preautopsy photographs of the victim's body. The number and types of wounds were relevant to the case. Photographs of the deceased are generally admissible to show the nature and extent of the wounds. *Moses v. State*, 245 Ga. 180, 187 (263 SE2d 916) (1980). The State had the burden of proving that appellant did not act as the result of provocation. The photographs were relevant for that issue.

*Judgment affirmed. Hunt, P. J., Benham, Fletcher, Sears-Collins and Hunstein, JJ., concur.*

DECIDED JANUARY 8, 1993.

*Langley & Lee, C. Richard Langley, Donald W. Lee,* for appellant.

*Britt R. Priddy, District Attorney, Johnnie M. Graham, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Robert D. McCullers, Staff Attorney,* for appellee.