S93A0889. SMITH v. THE STATE.

(430 SE2d 579)

CARLEY, Justice.

After jury trial, appellant was found guilty of murder and sentenced to life. He was also found guilty of and sentenced to a consecutive five-year term for possession of a firearm during the commission of a felony. Appellant's motion for new trial was denied and he appeals.[1]

1. Appellant enumerates the general grounds.

The evidence in this case, although not without conflict, is sufficient to authorize a rational trier of fact to find proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

> Two eyewitnesses testified that [appellant] shot [the victim]. . . . Although a defense witness testified that [appellant's co-defendant] shot [the victim], any questions of the credibility of witnesses and the weight to be given their testimony is entirely within the province of the jury. [Cits.]

*Miller v. State,* 249 Ga. 96, 97-98 (1) (287 SE2d 543) (1982). See also *Roker v. State,* 262 Ga. 220 (1) (416 SE2d 281) (1992).

2. After the denial of his motion to sever for separate trials, appellant was tried jointly with a co-defendant. A statement of the co-defendant, from which all references to appellant's name had been

---

[1] The crimes occurred on April 27, 1991. Appellant was indicted on December 30, 1991. The verdict was returned on March 19, 1992. Appellant's motion for new trial was filed on April 10, 1992 and denied on January 20, 1993. Appellant's notice of appeal was filed on February 8, 1993. The instant appeal was docketed on March 19, 1993 and submitted for decision on May 12, 1993.

excised, was introduced into evidence. Appellant does not separately enumerate as error the admission of this edited statement of the co-defendant. Instead, he urges only that, even as edited, the co-defendant's statement was so prejudicial as to have mandated the grant of his motion to sever for separate trials. However, "[w]e have held before that this allegation of prejudice does not amount to the clear showing of prejudice and denial of due process necessary to require a severance. [Cits.]" *Kennedy v. State*, 253 Ga. 132, 134 (2) (317 SE2d 822) (1984). Accordingly, here, as in *Jones v. State*, 243 Ga. 584, 587 (4) (255 SE2d 702) (1979),

> [a]ppellant has failed to make a clear showing of harm or prejudice regarding the introduction of this evidence and has not shown an abuse of discretion in the denial of his motion for severance. [Cit.]

3. Appellant contends that he was denied effective assistance of counsel.

Appellant made a pro se motion for new trial on April 10, 1992. On April 17, 1992, new appellate counsel was appointed to represent him. Although the hearing on the motion was not held until January 8, 1993, appellant's new appellate counsel did not raise the ineffectiveness claim by amendment or at the hearing itself.

> It is a well established rule that any allegation of a violation of the right to counsel should be made at the earliest practicable moment. [Cit.] . . . [T]he claim may be raised for the first time in the direct appeal *if* the direct appeal marks the first appearance of new counsel. . . . New counsel must raise the ineffectiveness of previous counsel at the first possible stage of post-conviction review.

(Emphasis supplied.) *White v. Kelso*, 261 Ga. 32 (401 SE2d 733) (1991). In the instant case, appellant's new appellate counsel participated in the motion for new trial, but did not raise the issue of the effectiveness of appellant's trial counsel. Compare *Johnson v. State*, 259 Ga. 428, 429 (3) (383 SE2d 115) (1989).

> Here, appellate counsel had ample opportunity to raise this issue before the trial court. Over [eight] months elapsed between the appointment of appellate counsel and the hearing on the motion for new trial during which appellate counsel could have raised this argument. Having failed to do so, appellant is barred from asserting this argument here. [Cits.]

*Martin v. State*, 204 Ga. App. 782, 787 (6) (420 SE2d 645) (1992).

4. The jury was comprised of seven whites and five blacks. In selecting this jury, the State had used only nine of its ten peremptory strikes. However, each of the State's nine peremptory strikes was used against a black prospective juror. Relying upon *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), appellant urged that the State had exercised its peremptory strikes in a racially discriminatory manner. However, "the trial court found that a prima facie case had not been made because . . . the percentage of blacks on the jury was greater than the percentage of blacks in the array." *Weems v. State*, 262 Ga. 101, 102 (2) (a) (416 SE2d 84) (1992). The trial court did not, therefore, require the State to explicate the employment of its peremptory strikes and appellant enumerates this ruling as error.

Of the 42 potential jurors, 14 were black. However, the State "exercised *all* [nine] of its peremptory strikes against black [potential] jurors." (Emphasis supplied.) *Weems v. State*, supra at 102 (2) (a). Thus, the State disproportionately employed 100 percent of its peremptory strikes against the black prospective jurors who comprised only 33 percent of the array. Under the mandate of *Georgia v. McCollum*, 505 U. S. ___ (112 SC 2348, 120 LE2d 33) (1992),

> where [,as here,] a prosecutor has disproportionately struck members of one race in the exercise of his peremptories, it is not sufficient rebuttal to rely on the composition of the jury as selected.

*Davis v. State*, 263 Ga. 5 (10), fn. 3 (426 SE2d 844) (1993). Accordingly, the trial court in the instant case erred in relying upon the racial composition of the jury in ruling that the State would not be required to offer anything further in rebuttal. *Aldridge v. State*, 258 Ga. 75 (4) (365 SE2d 111) (1988) is not viable authority to the contrary. *Aldridge* was decided prior to *Georgia v. McCollum*, supra.

The fact that appellant, co-defendant, the victim and key witnesses were black " 'tend(s) to undercut any motive to exclude (blacks) from the jury.' [Cit.]" *Hill v. State*, 263 Ga. 37 (9) (427 SE2d 770) (1993). However, this is not a factor which rebuts, as a matter of law, an otherwise prima facie case. It is merely *one* of the factors to be considered in determining whether the prima facie case has been rebutted. *Hill v. State*, supra. In the instant case, the trial court erred in failing to require the State to demonstrate what *other* factors would evince that the employment of 100 percent of its peremptory strikes against black prospective jurors was not racially motivated.

> The prosecutor "must give a 'clear and reasonably specific' explanation of his 'legitimate reasons' for exercising his chal-

lenges. [Cit.]" [Cit.] . . . Since the trial court did not require the State to fully explain its use of the peremptory challenges, we remand the case in order to permit the prosecutor to do so and to allow the trial court to make findings under *Batson.*

*Lewis v. State,* 262 Ga. 679, 680-681 (2) (424 SE2d 626) (1993).

In the event that, following this hearing, the trial court determines that improper racial motivation has not been demonstrated, then the appellant shall be entitled to file a renewed appeal on this issue.

*Berry v. State,* 262 Ga. 614, 615 (2) (422 SE2d 861) (1992).
*Judgments affirmed and case remanded. All the Justices concur, except Benham and Fletcher, JJ., who concur in the judgment only.*

DECIDED JUNE 21, 1993.

*Gwyn P. Newsom, Maxine Hardy,* for appellant.
*Douglas C. Pullen, District Attorney, J. Mark Shelnutt, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige M. Reese, Staff Attorney,* for appellee.