### S94A0731. LEAVITT v. THE STATE.
(442 SE2d 457)

CARLEY, Justice.

Appellant was tried before a jury and found guilty of the felony murder of his wife, the underlying felony being aggravated assault. His motion for new trial was denied and he appeals from the judgment of conviction and life sentence entered by the trial court on the jury's guilty verdict.[1]

1. Appellant had a history of abusing the victim. On the day of the homicide, a neighbor first heard someone fall to the floor of the upstairs apartment and then heard the victim screaming for help. The neighbor ran to the upstairs apartment and, upon opening the door,

---

[1] The murder was committed on December 29, 1991. The indictment was returned on March 26, 1992 and the guilty verdict was returned on December 3, 1992. The motion for new trial was filed on December 29, 1992 and was denied on October 26, 1993. The notice of appeal was filed on November 17, 1993. The case was docketed in this court on February 17, 1994 and was submitted for decision on April 11, 1994.

observed appellant in the act of repeatedly stabbing the victim. Appellant ordered the neighbor to leave, threatening that he would attack her when he was "through killing [the victim]." The victim died as the result of being stabbed over 30 times with various implements, including knives and forks.

Appellant testified that the stabbing had been provoked by the victim and the trial court instructed the jury in accordance with *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992). However, the jury obviously discredited appellant's testimony, finding him guilty of felony murder, in the commission of an aggravated assault, rather than voluntary manslaughter. The State's evidence was sufficient to authorize a rational trier of fact to find proof of appellant's guilt of felony murder beyond a reasonable doubt and there is no merit in appellant's enumeration of the general grounds. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant urges that the trial court erroneously instructed the jury that opening statements "must be considered . . . as evidence." Through substantial compliance with OCGA § 5-6-41 (f), however, the transcript has now been corrected to show that the trial court did in fact properly instruct the jury that the opening statements "must *not* be considered . . . as evidence." (Emphasis supplied.) Accordingly, this enumeration of error has no merit.

3. Appellant enumerates error in a portion of the trial court's jury charge.

At the conclusion of the jury charge, the trial court asked if there were any objections. In response to this inquiry, appellant neither objected to that portion of the charge which he now urges to be erroneous nor did he reserve the right to object on motion for new trial or on appeal. "[U]nder such circumstances, [appellant] has waived the right to raise the issue on appeal." *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855) (1980).

4. The jury requested to be recharged on the definition of felony murder and voluntary manslaughter. Although the trial court fully complied with this request, appellant urges that the trial court nevertheless erred in failing also to recharge on other principles which were not within the scope of the jury's request.

> The need, breadth, and formation of additional jury instructions are left to the sound discretion of the trial court. [Cit.] The trial court gave additional instructions to the jury which addressed only the jury's specific questions. We find no abuse of discretion.

*Peebles v. State*, 260 Ga. 165, 167 (5) (a) (391 SE2d 639) (1990). See also *Golden v. State*, 263 Ga. 521, 522 (3) (436 SE2d 11) (1993).

5. The actual implements which appellant had used to stab the victim were admitted into evidence. Contrary to appellant's contention, photographs of those implements, in the bloody condition in which they appeared after the stabbing, were also admissible. *Smith v. State,* 253 Ga. 536 (3) (322 SE2d 492) (1984).

6. The State sought to introduce a photograph of a wound to the head of the victim. Appellant objected, urging that this photograph was inadmissible under *Brown v. State,* 250 Ga. 862, 866 (5) (302 SE2d 347) (1983) because the hair around the wound had been shaven. The trial court correctly admitted the photograph into evidence over this objection. *Bell v. State,* 257 Ga. 560, 561 (3) (361 SE2d 488) (1987).

7. The trial court did not err in admitting a photograph of the bloody face of the victim. This photograph was not only relevant to the issue of the victim's identity, the pattern of the blood flow on the victim's face was also relevant to show that she had been prone when most of the blows had been struck. " 'Photographs which are material and relevant to any issue are admissible even though they may be duplicative and inflame the jury.' [Cits.]" *Stephens v. State,* 259 Ga. 820, 821-822 (6) (388 SE2d 519) (1990).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 9, 1994.

*Warren A. Sellers,* for appellant.

*Thomas J. Charron, District Attorney, Frank R. Cox, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige M. Reese, Assistant Attorney General,* for appellee.