## S97A1606. AUSTIN v. THE STATE.

(492 SE2d 212)

FLETCHER, Presiding Justice.

A jury convicted Marcus D. Austin of malice murder in the stabbing death of David Schultz.[1] Austin contends that the trial court erred in allowing the state to introduce evidence of the victim's character based on the defendant's claim of self-defense. Since Austin's statement and evidence placed the character of the deceased in issue, the trial court properly admitted the state's evidence on the character of Schultz as a peaceable man. Therefore, we affirm.

1. The evidence presented at trial shows that Schultz employed Austin as a handyman for several weeks in 1996, but his job ended after he stole a credit card number and two checks from Schultz. In his statement to police on the night Schultz died, Austin said that Schultz got angry, pushed Austin out the front door, punched him, and then tackled him as he was going around the corner of the house. None of the physical evidence presented at trial supported this statement of events. At trial, Austin admitted stealing the credit card number from Schultz, having a false identification card and credit card made in Schultz's name, and charging jewelry and clothes to the stolen account number. Repudiating his custodial statement, Austin further testified that he stabbed an unarmed Schultz in his office with a pruning shear, penetrating his chest and left lung, while a friend of Austin's held a gun on Schultz. Both intruders fled after the stabbing, and Schultz crawled up the stairs of his home, walked down his driveway, and staggered into a neighbor's house. In response to questions from the 911 operator, Schultz said that Marcus Austin stabbed him. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Austin guilty of the crimes charged.[2]

2. As a general rule, a victim's character is not relevant or admissible in the murder trial.[3] There is an exception when the defendant claims justification and offers evidence that the deceased

[1] The crime occurred on April 29, 1996, and the grand jury indictment was filed October 1, 1996. A jury convicted Austin on February 7, 1997, and the trial court sentenced him to life imprisonment for malice murder and 12 months imprisonment for giving a false name to a law enforcement officer. Austin filed a motion for new trial on March 7, 1997, which the trial court denied on June 10, 1997. Austin filed a notice of appeal on June 17, 1997. The case was docketed on June 30, 1997, and submitted for decision without oral arguments on August 25, 1997.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Henderson v. State*, 234 Ga. 827, 828 (218 SE2d 612) (1975); see OCGA § 24-2-2 (general character of the parties and their conduct in other transactions generally are irrelevant).

was the first aggressor.[4] In Georgia, this exception permits the defendant to present evidence of both the deceased's general reputation for violence[5] and specific acts of violence against third persons.[6] In response, the state may present evidence of the peaceable character of the deceased.[7] Generally, the state presents this evidence in rebuttal.[8]

In this case, the trial court properly permitted the state to introduce evidence of Schultz's non-violent character. Although there were substantial differences between Austin's custodial statement and trial testimony, he was consistent in describing Schultz as the first aggressor. In his statement to police, Austin claimed that he stabbed Schultz in self-defense after Schultz pushed, punched, and tackled him. At trial, Austin testified that Schultz grabbed him around the arms and they started struggling, tussling, and fighting before Austin swung the shears at Schultz. Austin further placed the deceased's character in issue by asking Schultz's next-door neighbor whether she had heard family arguments coming from the Schultz household. Given that the good character evidence was offered in response to evidence that the deceased was the aggressor, we conclude that the trial court did not err in permitting the evidence of the deceased's reputation for peacefulness.

3. Austin also contends that the trial court improperly instructed the jury on malice murder, felony murder, and voluntary manslaughter. After reviewing the entire jury charge, we conclude that the trial court gave proper instructions to the jury on each count and that the verdict form made clear that voluntary manslaughter was a lesser-included offense of both the malice murder and felony murder counts.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 3, 1997.

*Devon A. Orland,* for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K.*

---

[4] See Edward W. Cleary, McCormick on Evidence, § 193 at 571-572 (3d ed. 1984); Paul S. Milich, Georgia Rules of Evidence, § 11.5 at 121 (1995).

[5] See *Henderson,* 234 Ga. at 828-829; see also *Crawley v. State,* 137 Ga. 777, 779 (74 SE 537) (1912) (" 'Where the defendant has offered evidence of threats against himself made by the deceased, the prosecution has been permitted to introduce evidence of the good character of the latter.' ").

[6] See *Chandler v. State,* 261 Ga. 402, 407 (405 SE2d 669) (1991).

[7] See *Dixon v. State,* 243 Ga. 46, 50 (252 SE2d 431) (1979).

[8] See *Saylors v. State,* 251 Ga. 735, 738 (309 SE2d 796) (1983); see generally McCormick on Evidence at 572, n. 4 ("It is generally agreed that this evidence does not belong in the prosecution's main case.").

*Smith, Senior Assistant Attorney General, Deborah L. Gale, Assistant Attorney General,* for appellee.