S98A0590. OWENS v. THE STATE.
(509 SE2d 905)

SEARS, Justice.

The appellant, Robyn Owens, appeals from her convictions for murder and aggravated assault.[1] The victim was her husband, Sergeant Charlie Owens of the City of Atlanta Police Department. On appeal, Ms. Owens contends, among other things, that the trial court erred in excluding evidence that Mr. Owens became aggressive toward her when he drank and would wave his gun in the air. We agree that the trial court erred in excluding this evidence, and, finding the error harmful, we reverse.

1. The evidence showed that on January 20, 1995, Mr. Owens was shot and killed in the apartment in which he and Ms. Owens lived. Ms. Owens was home at the time of the shooting. After police

---

[1] The crimes occurred on January 20, 1995. Ms. Owens was indicted on May 12, 1995, and was convicted on June 28, 1996, of malice murder, felony murder and aggravated assault. That same day, the trial court sentenced Ms. Owens to life in prison for the malice murder conviction, and to a concurrent term of ten years in prison for the aggravated assault conviction. The trial court merged the felony murder conviction with the conviction for malice murder. Owens filed a motion for new trial on July 3, 1996. The court reporter certified the transcript on October 23, 1996, and Owens filed an amended motion for new trial on October 1, 1997. The trial court denied the motion for new trial, as amended, on October 9, 1997, and Owens filed a notice of appeal on November 6, 1997. The appeal was docketed in this Court on January 6, 1998, and the case was orally argued on April 14, 1998.

arrived at the scene, Ms. Owens first told detectives that a mechanic had come to the house to see Mr. Owens; that they became angry at each other; that they went upstairs; that she then heard several shots; and that the mechanic ran out the back door of the apartment. Later that night, however, Ms. Owens told investigators a different story. She told investigators that she and her husband got into an argument because he was drinking; that he pointed his gun at her and threatened to kill her; that a struggle for the gun followed; that, during the struggle, Ms. Owens's hands were on the barrel of the gun; that the couple "struggl[ed] back and forth" over the gun; and that as the struggle continued, the gun discharged. Ms. Owens essentially testified to these same events at trial, and stated that she did not remember telling anyone about a mechanic shooting Mr. Owens. Blood-alcohol tests performed on Mr. Owens revealed that he had a blood-alcohol level of .27 grams on the evening he was shot.

On that same night, Charles Phillips voluntarily came to the police station and stated that he and Ms. Owens had been having an affair. He further stated that six months before Mr. Owens's death, Ms. Owens wanted him to kill Mr. Owens for insurance money, but he refused. Mr. Phillips also testified at trial that Ms. Owens discussed killing Mr. Owens for insurance money, and that she told him that she put rubbing alcohol and eye drops in Mr. Owens's drinks. A friend of Ms. Owens's also testified that Ms. Owens had told her that Ms. Owens put rubbing alcohol and eye drops in Mr. Owens's drinks to knock him out. In addition, Mr. Owens's sister-in-law testified that she was close to Ms. Owens, and that Ms. Owens had told her about a week before the shooting that she was the beneficiary of Mr. Owens's insurance policies, and that Mr. Owens's daughter would not get a "damn thing."

A crime scene technician from the Georgia Bureau of Investigation testified that four bullets were fired at the scene, and that the paths and final location of the bullets were not consistent with Ms. Owens's story about the struggle. He also added that, if someone grabbed the barrel of a gun while it was being fired, she would have significant injuries to her hands. There was evidence that Ms. Owens had suffered no scratches or injuries to her hands that night.

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Ms. Owens guilty of malice murder and aggravated assault beyond a reasonable doubt.[2]

2. Ms. Owens next contends that the trial court erred by ruling that she could not introduce evidence that Mr. Owens became hostile and aggressive toward her when he drank, and that he waved his

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

gun in the air on these occasions. For the reasons that follow, we agree and conclude that it is necessary to reverse Owens's convictions.

"As a general rule, a victim's character is not relevant or admissible in the murder trial. There is an exception when the defendant claims justification and offers evidence that the deceased was the first aggressor."[3] Under this exception, a defendant may present evidence of the victim's specific acts of violence against the defendant and third persons.[4] "Such evidence is admissible to show the victim's character for violence or tendency to act in accordance with his or her character as it relates to the defendant's claim of justification."[5] Moreover, Uniform Superior Court Rules (USCR) 31.1 and 31.6 presently require a defendant to give pre-trial notice of her intent to introduce such evidence, to give the State specific details regarding each prior incident she will seek to introduce, and to prove at a hearing that such evidence is admissible at trial.

In the present case, on the first day of trial, Ms. Owens informed the court that she intended to introduce evidence that Mr. Owens became hostile and aggressive toward her when he drank, and waved his gun in the air on these occasions. The trial court excluded the evidence on the ground that it constituted specific acts of violence by Mr. Owens against Ms. Owens, and that Ms. Owens had failed to give the state the ten days notice required by USCR 31.1 and 31.6.

We now conclude, however, that the requirements imposed upon defendants under USCR 31.1 and 31.6 for introducing evidence of prior difficulties with the victim are no longer viable in light of our ruling in *Wall v. State*[6] that the State no longer has to comply with the similar requirements of USCR 31.1 and 31.3 when it desires to introduce evidence of prior difficulties by the victim with the defendant.[7] In this regard, relying on the principle that due process requires " 'a balance of forces between the accused and his accuser' *Wardius v. Oregon*, 412 U. S. 470, 474 (93 SC 2208, 37 LE2d 82) (1973)," [8] this Court has held that the discovery rights that had been granted to the State under *Sabel v. State*[9] regarding a defendant's scientific reports violated due process because they were greater than the statutory discovery rights granted to the defendant by OCGA § 17-7-211.[10] Because of our decision in *Wall*, there is now "an

[3] *Austin v. State*, 268 Ga. 602 (2) (492 SE2d 212) (1997).

[4] *Lewis v. State*, 268 Ga. 83, 84-85 (485 SE2d 212) (1997); *Austin*, 268 Ga. at 602-603.

[5] *Barber v. State*, 268 Ga. 156, 157 (2) (486 SE2d 353) (1997).

[6] 269 Ga. 506 (500 SE2d 904) (1998).

[7] Id. at 507-510.

[8] *Rower v. State*, 264 Ga. 323, 324-325 (443 SE2d 839) (1994).

[9] 248 Ga. 10 (282 SE2d 61) (1981).

[10] *Rower*, 264 Ga. at 324-325.

imbalance of forces between the accused and his accuser"[11] with regard to the requirements for introducing evidence of prior difficulties between the victim and a defendant. Accordingly, we rule that the requirements of USCR 31.1 and 31.6 should no longer be imposed on a defendant when she seeks to introduce evidence of prior difficulties with the victim to support her claim of justification. Of course, because the State is required to give pre-trial notice of its intent to introduce evidence of the defendant's prior acts against third parties, the defendant must likewise continue to comply with USCR 31.1 and 31.6 when she intends to introduce evidence of a victim's prior acts against third parties. In addition, a defendant's right to introduce evidence of prior acts by the victim against her is still contingent upon the defendant making out a prima facie case of justification.

For the foregoing reason, we conclude the trial court erred in excluding evidence of Mr. Owens's behavior when he drank on the basis that Ms. Owens had not complied with USCR 31.1 and 31.6. In addition, we conclude that Ms. Owens made out a prima facie case of justification, and that the evidence the trial court excluded was relevant to her justification claim. Finally, because the State had numerous witnesses testify that when Mr. Owens drank, he became peaceful and generally would fall asleep, and because Ms. Owens testified that the crime occurred on a night when Mr. Owens became aggressive because he had been drinking, we cannot conclude that the trial court's error in excluding the evidence in question was harmless.

3. In light of our holding in Division 2 of this opinion, it is unnecessary to address Ms. Owens's remaining enumerations of error. For the foregoing reasons, we reverse Ms. Owens's convictions.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 23, 1998.

*Anna Blitz,* for appellant.

*Paul L. Howard, District Attorney, Bettieanne C. Hart, Cari K. Johanson, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth L. Jaeger, Assistant Attorney General,* for appellee.

---

[11] *Wardius,* 412 U. S. at 474.