## S98A1875. BROWN v. THE STATE.

(512 SE2d 260)

CARLEY, Justice.

James Brown was charged with the murder of Jeffery Clarkson. Clarkson was married to Brown's former wife and, thus, was the step-father of Brown's five-year-old daughter. Brown admitted that he killed the victim, but claimed that he was justified in doing so because of his daughter's molestation by Clarkson. The trial court granted the State's motion in limine to exclude any evidence concerning the alleged molestation. According to the trial court, an act of molestation, without a showing of the use or threat of physical force, is not a forcible felony for which the defense of justification would be available. In an interlocutory appeal, however, we held that child molestation is, by its very nature, a forcible and violent crime. *Brown v. State*, 268 Ga. 154 (486 SE2d 178) (1997). Therefore, we reversed and held that Brown should be given an opportunity to show that Clarkson's alleged acts were admissible to support a justification defense under *Chandler v. State*, 261 Ga. 402, 407 (3) (405 SE2d 669) (1991). When the trial court held a hearing to determine the admissibility of the evidence, it was established that Brown, after stalking the victim for some time, shot him as he stood in his yard when the child was not even present. Under these circumstances, the trial court held that the evidence was inadmissible because Brown was unable to show that, at the time of the homicide, his daughter was in imminent danger of being molested by Clarkson. Accordingly, the trial court's ruling precluded any mention at trial of the child's alleged molestation. Because there was no other evidence of justification, the trial court refused to give Brown's requested charges on that defense. The jury found him guilty of the malice murder of Clarkson. The trial court entered a judgment of conviction on the jury's guilty verdict and sentenced Brown to life. From that judgment and sentence, Brown brings this appeal.[1]

1. The evidence is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt of Brown's guilt of the malice murder of Clarkson. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Brown contends that the evidence of Clarkson's alleged acts of molestation should have been admitted. Evidence is relevant and, therefore, admissible if it tends to prove a material issue in the case.

---

[1] The homicide occurred on February 15, 1996, and the grand jury returned its murder indictment on February 27, 1996. The jury found Brown guilty on June 17, 1998 and, on that same day, the trial court entered the judgment of conviction and life sentence. On July 16, 1998, Brown filed his notice of appeal. The case was docketed in this Court on August 21, 1998, and oral argument was heard on November 10, 1998.

OCGA § 24-2-1. Thus, evidence of a defendant's motive which is not material to his criminal liability is irrelevant and inadmissible. See *Stoudemire v. State*, 261 Ga. 49, 50 (3) (401 SE2d 482) (1991). The law will not justify a killing for deliberate revenge no matter how grievous the past wrong may have been. *Teems v. State*, 256 Ga. 675, 676 (4) (352 SE2d 779) (1987). " '[T]he bad character of the deceased would not offer the defendant any excuse for taking his life, if he . . . took [the victim's] life; for it is the same offense to kill a bad person as it is to kill a good person.' " *Crawley v. State*, 137 Ga. 777 (2) (74 SE 537) (1912). Since revenge is not a material exculpatory factor in a criminal case, evidence of Clarkson's alleged commission of prior acts of molestation, standing alone, would not be admissible in defense of Brown's act. Only if Brown acted in accordance with the legally recognized exculpatory motive of justification, rather than revenge, would evidence of Clarkson's bad character and specific acts of violence be admissible on Brown's behalf. See *Austin v. State*, 268 Ga. 602 (2) (492 SE2d 212) (1997). Otherwise, such evidence would constitute an irrelevant attack on the character of the deceased victim who could not answer the charges of molestation being asserted against him. See OCGA § 24-2-2.

According to the dissent, proof of Clarkson's alleged prior acts of child molestation should have been admitted to prevent an evidentiary imbalance between Brown and the State on the issue of his motive for the homicide. In so opining, the dissent fails to distinguish between the inculpatory concept of criminal motive and the exculpatory principle of justification as a defense to criminal liability. In contemplation of the criminal law, "motive" refers to the cause or reason that induced the defendant to commit the crime. 22 CJS, Criminal Law, § 34, p. 40. The defendant's motive for committing the criminal act is always a relevant inquiry on the part of the State. See *Wall v. State*, 153 Ga. 309 (1) (112 SE 142) (1922). There is certainly no evidentiary imbalance as to this inculpatory issue, since the defendant is always free to offer proof which negates the existence of any motive on his part. "Absence of motive is an important consideration in determining whether [the] accused is guilty of the crime charged, and is a strong argument for innocence." 22 CJS, Criminal Law, § 34, p. 41. It is also clear, however, that the defendant cannot offer affirmative evidence of the existence of a "motive" for his act which would not otherwise constitute a viable defense to his criminal liability. "The most laudable motive is no defense where the act committed is a crime in contemplation of law. . . ." 22 CJS, Criminal Law, § 34, p. 40. Thus, in *Chandler v. State*, supra at 407 (3), we held that evidence of the victim's commission of prior acts of violence was admissible solely for the limited purpose of illustrating the defendant's claim of justification. In his special concurrence in *Chandler*,

supra at 409, then Justice and now Chief Justice Benham specifically warned against "trial by character assassination. When applied to homicide cases, this revolutionary change in the law of evidence is a throwback to frontier days and gives judicial sanction to a new defense to murder: the victim 'needed killing.'" The dissent would significantly expand the limited holding of *Chandler* and, in fact, would sanction the dire consequences predicted by Justice Benham. Under the dissent's reasoning, a trial court should allow evidence of a victim's alleged commission of prior criminal acts in order to inform the jury that a defendant's motivation for the homicide was a belief that the deceased deserved to die simply because he was a violent person. We decline to overrule long-standing precedent establishing that evidence of prior violent acts of the deceased, standing alone, will not establish a viable defense to a murder charge because it constitutes irrelevant character assassination of the victim. Therefore, it is immaterial that the jury did not know why Brown claimed that he killed the victim, if that reason was the irrelevant exaction of revenge for Clarkson's alleged prior acts. Brown was not entitled to present evidence which was not relevant to his criminal liability.

In order to justify the homicide, Brown needed to show that he had a reasonable belief that the shooting was necessary to defend his daughter against Clarkson's "imminent" commission of the forcible felony of child molestation. OCGA § 16-3-21 (a). However, because the child was not even present at the time of the shooting, there was no evidence that she was in any immediate danger from Clarkson. "'The doctrine of reasonable fear does not apply to any case of homicide where the danger apprehended is not urgent and pressing, or apparently so, at the time of the killing.'" *Short v. State*, 140 Ga. 780 (3) (80 SE 8) (1913). Thus, even assuming that there was a sufficient showing that the child had been molested previously and that Clarkson was the perpetrator, the absence of any proof that the child was in imminent danger of being molested again shows that Brown's claim of justification was without merit. See *Walden v. State*, 267 Ga. 162, 163 (2) (a) (476 SE2d 259) (1996). Because Brown failed to establish a prima facie case of justification for shooting Clarkson, the trial court correctly held that the allegations of Clarkson's commission of prior acts of molestation were irrelevant and inadmissible as to that defense. *Harrison v. State*, 268 Ga. 574, 577 (3) (492 SE2d 218) (1997); *Laster v. State*, 268 Ga. 172, 173 (2) (486 SE2d 153) (1997); *Walden v. State*, supra at 163 (2) (a).

3. Brown urges that the evidence of the child's alleged molestation was admissible to show the elements of passion and provocation necessary to reduce the homicide from murder to manslaughter. See *Brooks v. State*, 249 Ga. 583 (292 SE2d 694) (1982). It is undisputed that the alleged molestation occurred some months prior to the

shooting. However, Brown stalked Clarkson periodically during the day before, and on the morning of, the homicide. On the afternoon that Clarkson was killed, Brown armed himself with a rifle, went to the victim's house, and, using the scope on the weapon, watched from the woods. Seeing the victim and his father standing in the yard, Brown waited until Clarkson was alone before shooting him. After his arrest, Brown stated that the reason he shot Clarkson was his belief that the authorities would not punish him for the alleged acts of molestation. This uncontradicted evidence shows that, as a matter of law, the homicide was a deliberate and calculated act of revenge, rather than a sudden and irresistible act of passion. *Aldridge v. State*, 258 Ga. 75, 76 (2) (365 SE2d 111) (1988), overruled on other grounds, *Smith v. State*, 263 Ga. 224, 226 (4) (430 SE2d 579) (1993).

4. Brown further contends that evidence of the alleged molestation should have been admitted to show that he acted without malice. In the crime of murder, "malice" is "the unlawful intention to kill without justification or mitigation. [Cit.]" *Lattimore v. State*, 265 Ga. 102, 105 (3) (454 SE2d 474) (1995). As discussed above, evidence only of past molestation of the child does not show that Brown acted lawfully with present justification when he shot the alleged perpetrator. To the contrary, such evidence shows that Brown was motivated solely by revenge for Clarkson's past alleged acts and authorizes a finding that he is guilty of malice murder.

5. The trial court correctly edited Brown's statement so as to delete all of the irrelevant and inadmissible references to allegations of Clarkson's commission of prior acts of molestation. See *Waller v. State*, 102 Ga. 684, 686 (2) (28 SE 284) (1897), overruled on other grounds, *Lavender v. State*, 234 Ga. 608, 610 (2) (216 SE2d 855) (1975); OCGA § 24-2-4.

6. The trial court properly admitted a post-mortem photograph showing a portion of the victim's head which had been shaven around the fatal wound. *Bell v. State*, 257 Ga. 560, 561 (3) (361 SE2d 488) (1987).

7. The trial court refused to give one of Brown's requested charges relating to the effect which a defendant's request for counsel would have on the voluntariness of his post-arrest statement. According to Brown, this instruction should have been given because the voluntariness of his statement was a matter for the jury. However, the record shows that, after a *Jackson-Denno* hearing, the trial court found that, under the undisputed evidence, Brown did not make even an equivocal request for counsel and that, even if he had, any equivocation was immediately clarified by his voluntary execution of a waiver form. See *Jordan v. State*, 267 Ga. 442, 443 (1) (480 SE2d 18) (1997). This ruling is not enumerated as error on appeal. At trial, Brown introduced no evidence which would authorize the jury to

reach a different finding from that made by the trial court at the *Jackson-Denno* hearing. Thus, the refused request to charge did not relate to any relevant jury issue, since the evidence would authorize only the finding that Brown's statement was not involuntary. See *Harvey v. State*, 262 Ga. 667 (2) (424 SE2d 619) (1993). The trial court gave a full and fair charge on the general requirement of voluntariness, and the refusal to give the specific charge on the inapplicable issue of how a request for counsel could affect voluntariness was not error. *Harvey v. State*, supra at 668 (2).

*Judgment affirmed. All the Justices concur, except Hunstein, J., who dissents.*

HUNSTEIN, Justice, dissenting.

After Brown was arrested, he gave a statement to the police admitting he shot Jeffery Clarkson but claiming he did so to prevent Clarkson from sexually molesting Brown's daughter, who was Clarkson's stepchild. Under OCGA § 24-3-38, "[w]hen an admission is given in evidence by one party, it shall be the right of the other party to have the whole admission and all the conversation connected therewith admitted into evidence." See also OCGA § 24-2-4 ("[w]here either party introduces part of a document or record, the opposite party may read so much of the balance as is relevant").

> "The rule of evidence is, that when an admission, conversation or declaration previously made by a party or a witness is pertinent, the side tendering evidence as to the same is at liberty to prove such portion only thereof as is deemed material, and the other side may then bring out the whole of the admission, conversation or declaration, so far as so doing may be essential in order to arrive at the true drift, intent and meaning of what was said on the previous occasion. [Cit.]"

*Smalls v. State*, 105 Ga. 669, 671 (31 SE 571) (1898). See *West v. State*, 200 Ga. 566 (1) (37 SE2d 799) (1946).

The majority holds that the trial court did not err by editing out of Brown's statement to the police everything Brown said regarding why he killed the victim because this motive evidence was "irrelevant and inadmissible." I disagree. It has been long recognized that "[o]n the trial of one charged with murder, evidence of the defendant's motive for the homicide is always relevant." *Boone v. State*, 145 Ga. 37, 39 (1) (88 SE 558) (1916). "Evidence tending to show motive is *always* relevant and admissible. [Cits.]" (Emphasis supplied.) *Wall v. State*, 153 Ga. 309 (1) (112 SE 142) (1922). See also *Hunter v. State*, 188 Ga. 215, 218 (2) (3 SE2d 729) (1939). Hence, as long as it is estab-

lished that the facts on which the motive is assigned was within the knowledge of the defendant, see *Sasser v. State*, 129 Ga. 541, 547 (4) (59 SE 255) (1907), this Court has allowed evidence of motive as admissible and relevant to explain the reason why a defendant killed the victim. Great latitude has been granted in the admission of motive evidence even where it is highly prejudicial, such as where the evidence showed the defendant was involved in a satanic cult, see *Earnest v. State*, 262 Ga. 494 (1) (422 SE2d 188) (1992) or the leader of a KKK-type organization. *Mize v. State*, 269 Ga. 646 (3) (501 SE2d 219) (1998).

The cases which have stressed the relevancy and admissibility of motive evidence typically involve evidence adduced by the State. However, in light of our recent rulings requiring parity between the prosecution and the defense, I would hold that evidence sought to be introduced on the basis that it may explain why the accused killed the victim must be deemed equally relevant and admissible whether adduced by the State or the defendant in order to maintain a level playing field and thus avoid creating "an imbalance of forces between the accused and his accuser." *Owens v. State*, 270 Ga. 199, 201-202 (509 SE2d 905) (1998); *Rower v. State*, 264 Ga. 323 (5) (443 SE2d 839) (1994).

*Stoudemire v. State*, 261 Ga. 49 (3) (401 SE2d 482) (1991), cited by the majority in support of its holding that the motive evidence Brown sought to admit was irrelevant and inadmissible, is distinguishable because it was a case in which the State failed utterly to connect the alleged motive evidence to the crime committed by the accused. Compare also *Sasser v. State*, supra, 129 Ga. at 547 (4) and *Horton v. State*, 110 Ga. 739 (1) (35 SE 659) (1900) (motive evidence inadmissible where no connection between the killing and the accused's prior difficulty with the victim can be shown). Contrary to the majority's position, Brown's motive evidence cannot be deemed irrelevant and inadmissible on the basis that it did not justify the killing of the victim. The fact that the accused in *Earnest* was a member of a satanic cult did not justify his killing of the victim there, yet the motive evidence was nevertheless deemed relevant and admissible by this Court. Just as motive evidence adduced by the State is not rendered inadmissible by the fact that it incidentally puts the defendant's character in issue, id., 262 Ga. at 495 (1), motive evidence adduced by the defendant should not be affected by its failure to constitute a legal justification for the crime. This is particularly true where both the charge to the jury and the prosecution's statement and argument to the jury can impress upon that body the limited significance of the accused's motive evidence.

The object of all legal investigation is the discovery of truth. OCGA § 24-1-2. The jury in this case determined Brown's guilt

totally oblivious to the reasons why Brown killed Clarkson. That those reasons did not legally vindicate the killing does not justify leaving the jury blindfolded and ignorant. The erroneous omission of this evidence calls into question the fundamental fairness of Brown's trial, particularly in regard to the editing of Brown's statement to the police, a redaction which deprived the jury of the context essential for the jury to determine the "true drift, intent and meaning of what was said," *Smalls v. State*, supra, 105 Ga. at 671 (1), and which violated the statutory mandate of OCGA § 24-3-38 that a party to an admission may have the whole admission admitted into evidence. Accordingly, because I would hold the trial court committed reversible error by editing this relevant and admissible evidence from Brown's admission, I must respectfully dissent to the majority's holding.

DECIDED FEBRUARY 8, 1999 —
RECONSIDERATION DENIED MARCH 5, 1999.

*Fox, Chandler, Homans, Hicks & McKinnon, Robert L. Chandler, Cheryl H. Kelley,* for appellant.
*Darrell E. Wilson, District Attorney, Lynn M. Akeley-Alderman, Assistant District Attorney, Thurbert E. Baker, Attorney General, Daniel G. Ashburn, Assistant Attorney General,* for appellee.