A94A2138. EDWARDS v. THE STATE.

(453 SE2d 806)

McMURRAY, Presiding Judge.

Defendant was charged, via accusation, along with Marvin Theodore Chambers in the Superior Court of Clayton County, Georgia, for theft by taking and financial transaction card theft in violation of OCGA § 16-9-31 (a) (1). Co-defendant Chambers entered pleas of guilty and was called as a witness for the State at defendant's jury trial, testifying that he pled guilty to both counts of the accusation because he assisted defendant to commit the crimes charged. Specifically, Chambers testified that he was employed as a janitor at the victim's place of employment (Anchor Hospital in Clayton County, Georgia) on the day the crimes were committed; that he allowed defendant access to the victim's office via use of a pass key and that he watched defendant abscond from the victim's office with a wallet. An employee at a retail establishment in College Park, Georgia, testified that defendant used the victim's "Discover" credit card to purchase over $500 worth of merchandise. This transaction was completed on the same day defendant allegedly absconded with a wallet from the victim's Clayton County office. The victim testified that she keeps her credit cards in her wallet; that she did not give defendant permission to use her "Discover" credit card; that she saw defendant with co-defendant Chambers at her Clayton County place of employment on the day her wallet turned up missing and that she then thought defendant's presence at the hospital was "curious" because defendant was no longer employed at the hospital. The victim explained that it was her employer's policy to prohibit a terminated employee from the hospital premises.

The jury found defendant not guilty of theft by taking and guilty of financial transaction card theft. This appeal followed the denial of defendant's motion for new trial. *Held:*

Defendant contends the State failed to prove he committed financial transaction card theft in the county of his trial as required by OCGA § 17-2-2, arguing that the only evidence linking him to the crime of financial transaction card theft in Clayton County was rejected when the jury found him not guilty of theft by taking the victim's wallet from her Clayton County office. Defendant thus reasons

that the only remaining evidence linking him to the crime of financial transaction card theft was testimony that he used the victim's "Discover" credit card at a retail establishment in Fulton County, Georgia. This contention is without merit.

The inconsistent verdict rule was abolished by the Supreme Court in *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216). We thus observe that the testimony of co-defendant Chambers and the corroborating testimony of the victim that she saw defendant at her Clayton County place of employment on the day her wallet turned up missing is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of financial transaction card theft in Clayton County. OCGA § 16-9-31 (a) (1); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Fain v. State*, 211 Ga. App. 399, 400 (1) (439 SE2d 64); *Davis v. State*, 203 Ga. App. 106 (416 SE2d 375).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 3, 1995.

Darrel L. Hopson, for appellant.

Robert E. Keller, District Attorney, Gina C. Naugle, Assistant District Attorney, for appellee.