## A03A0252. ROGERS v. THE STATE.
### (578 SE2d 169)

ELLINGTON, Judge.

A Gordon County jury convicted Terry Rogers of the theft of a financial transaction card, OCGA § 16-9-31, and of fraudulently using the card, OCGA § 16-9-33.[*] Rogers appeals from this conviction, and, finding no error, we affirm.

1. Rogers contends the evidence was insufficient to support his convictions. When reviewing the sufficiency of evidence to support a conviction on appeal, this Court views all evidence in the light most

---

favorable to the jury's verdict and does not weigh the evidence or judge witness credibility. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The defendant is no longer presumed innocent. Id. This Court determines only whether the evidence presented was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt of the crimes charged. Id.

Viewed in this light, the evidence showed that on April 2, 2002, Rogers checked into Room 247 at the Days Inn motel in Calhoun under the name of "Brian Simpson." Although Rogers paid for the room with cash, he guaranteed it with a credit card. The next morning, the Days Inn management asked him to leave when he was still in the room after the 11:00 a.m. checkout time.

At 9:47 p.m. that evening, April 3, 2002, a police officer responded to a complaint that a man was yelling and screaming behind a Calhoun tire store. The tire store, which was located less than 30 minutes away from the Days Inn motel, was closed for the night. In the dark area behind the store, the officer found Rogers yelling and screaming and attempting, in vain, to climb a steep hill. The officer asked Rogers to step over near the police car where there was some light. The officer asked Rogers to empty the bulging pockets of his large overcoat, and Rogers suddenly reached into his pocket and threw a light bulb against the wall of the tire store, breaking it into a "million pieces." While patting down Rogers to insure that he did not have any weapons, the officer found a bank card issued to "Brian Simpson," which was different from the name Rogers had given to the officer. The officer placed Rogers under arrest for loitering, littering, and disorderly conduct, among other things.

After the officer transferred Rogers to the police station, an investigator contacted Wachovia Bank and found out that the card had been reported stolen in July 2001. The bank also told the investigator that someone had attempted to use the card at 9:14 p.m. on the previous evening at the Days Inn motel in Calhoun, but that the transaction had been denied by the bank. An investigator contacted the card's owner, Brian Simpson, who was Rogers' former brother-in-law. Simpson identified the bank card as his, but denied that he had used it at the Days Inn and stated that the address given on the registration form was not his. According to Simpson, he and his wife (Rogers' sister) went on vacation in July 2001 and thought that they had lost Simpson's Wachovia bank card. Simpson immediately contacted the bank and reported that the card was missing. He testified that he had not authorized anyone to use the card after that. Simpson and Rogers' sister divorced shortly thereafter. Rogers' sister testified that, following the divorce, she moved some of her property to her parents' home, where Rogers sometimes stayed. She opined that the bank card may had been misplaced among her possessions dur-

ing the vacation and that her brother had taken the card along with some of her other property.

Following Rogers' arrest, the investigator interviewed him on April 4, 2002. The interview was audiotaped, and the tape was played for the jury during the trial. During the interview, Rogers admitted that he had left his parents' home with some possessions .a few days before, and that Simpson's bank card "happened to be" among those possessions. Rogers also admitted staying in Room 247 at the Days Inn on April 2, 2002, but denied that he had used the card at the Days Inn on either April 2 or 3, 2002.

We find that this evidence authorized the jury to conclude that Rogers was guilty beyond a reasonable doubt of attempting to use Simpson's credit card without authorization on April 3, 2002. *Jackson v. Virginia*, supra; *Edwards v. State*, 216 Ga. App. 225, 226 (453 SE2d 806) (1995).

2. Rogers contends the trial court erred in failing to grant his motion for mistrial after the State referred to the light bulb incident during closing arguments. Following Rogers' objection and motion for mistrial, the trial court instructed the jury to disregard any reference to the light bulb. Because Rogers did not renew his motion for mistrial after the court gave its curative instruction, Rogers has waived this issue. *Ford v. State*, 269 Ga. 139, 141 (3) (498 SE2d 58) (1998).

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 7, 2003.

*Rodney L. Mathis*, for appellant.

*T. Joseph Campbell, District Attorney, Donald S. Smith, Assistant District Attorney*, for appellee.